[Crim. No. 9272. Third Dist. Feb. 24, 1978.]

THE PEOPLE, Plaintiff and Appellant, v.
ARTHUR LAVERNE SCHLOSSER et al.,
Defendants and Respondents.

**COUNSEL**

Evelle J. Younger, Attorney General, Jack R. Winkler, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Paul V. Bishop, Joel Carey and Robert Jibson, Deputy Attorneys General, for Plaintiff and Appellant.

Stephen C. Green, under appointment by the Court of Appeal, Kenneth M. Wells, Public Defender, and Marvin A. Piexoto, Assistant Public Defender, for Defendants and Respondents.

**OPINION**

**REGAN, J.**—This is a People's appeal from an order of the superior court dismissing the action on motion of defendants pursuant to Penal Code section 1387.[1]

On February 8, 1977, a felony complaint was filed in the Sacramento Municipal Court charging defendants in count one with possession of cocaine for sale (Health & Saf. Code, § 11351) and in count two with possession of marijuana (Health & Saf. Code, § 11357, subd. (c)). On March 1, 1977, a preliminary hearing was held. At said hearing, a motion to suppress evidence was made pursuant to section 1538.5 of the Penal Code. The motion was granted and the case was dismissed pursuant to Penal Code section 1385.

On March 2, 1977, a second felony complaint was filed, charging the same defendants with the same two offenses. At arraignment on March 3, 1977, bail was set at $10,000 and the proceeding was continued to March 17, 1977. Prior to that date the prosecutor elected to present the matter to the grand jury; and on March 9, 1977, an indictment was returned which charged the defendants with the same two offenses. In addition, the indictment charged defendant Schlosser with a prior conviction (murder) in 1972, and defendant Meyer with a prior conviction (possession of marijuana for sale) in 1971.

On March 17, 1977, the date set for preliminary hearing, upon motion of the district attorney, the second complaint was dismissed. Counsel having been appointed, defendants were arraigned in superior court on the indictment and entered pleas of not guilty.

On March 30, 1977, a motion to suppress evidence pursuant to section 1538.5 was filed.

On April 22, 1977, the suppression motion was argued but never ruled upon. Instead, the court granted defendants' oral motion to dismiss on

---

[1]Penal Code section 1387 reads as follows as last amended by Statutes of 1975, chapter 1069: "An order for the dismissal of an action pursuant to this chapter is a bar to any other prosecution for the same offense if it is a felony and the action has been previously dismissed pursuant to this chapter, or if it is a misdemeanor; except in those felony cases where subsequent to the dismissal of the felony the court finds that substantial new evidence has been discovered by the prosecution which would not have been known through the exercise of due diligence at or prior to the time of dismissal." (There is no "new evidence" involved in this case, so that the exception in the last clause of the quoted section is not of concern.)

the ground that further prosecution was barred under the provisions of Penal Code section 1387.

■ The California Constitution is clear that felonies are to be prosecuted "either by indictment or, after examination and commitment by a magistrate, by information." (Cal. Const., art. I, § 14; see also, Pen. Code, § 737.) The basic differences between the two procedures have been recognized and considered by the courts and it is clear from the decisions that a district attorney is free to use either of the two vehicles to bring a defendant to trial. (See *People* v. *Sirhan* (1972) 7 Cal.3d 710, 746-747 [102 Cal.Rptr. 385, 497 P.2d 1121].) ■ A person who is indicted by a grand jury need not be afforded the array of procedural rights afforded to a person who is subjected to the preliminary hearing process. (See *People* v. *Superior Court (Persons)* (1976) 56 Cal.App.3d 191, 193-194 [128 Cal.Rptr. 314]; cf. *Johnson* v. *Superior Court* (1975) 15 Cal.3d 248, 255-257 [124 Cal.Rptr. 32, 539 P.2d 792], conc. opn.)

■ Prior to its amendment in 1975, Penal Code section 1387 provided: "An order for the dismissal of an action, made as provided in this chapter, is a bar to any other prosecution for the same offense if it is a misdemeanor, but not if it is a felony." The section was described by the courts as one of the several statutory provisions declaratory of the constitutional right to a speedy trial. (See *Barker* v. *Municipal Court* (1966) 64 Cal.2d 806, 811 [51 Cal.Rptr. 921, 415 P.2d 809].) The provisions are contained in chapter 8 of title 10 of the Penal Code relating to dismissal of actions for want of prosecution or otherwise. (Pen. Code, §§ 1381-1388.) As amended in 1975 section 1387 now provides that dismissal of a *felony* charge pursuant to chapter 8 is a bar to further prosecution if the action had previously been dismissed pursuant to chapter 8 (with an exception for new evidence not here applicable). Thus, *two* dismissals of a felony charge under chapter 8 now will bar further prosecution. The amended section 1387 continues to be among the group of statutes concerned with the right to a speedy trial. (See *Barker* v. *Municipal Court, supra,* 64 Cal.2d at p. 811.) Because of the reference to chapter 8, the bar to further prosecution arises if both dismissals were pursuant to one or more of the Penal Code sections constituting that chapter, sections 1381 to 1388, inclusive. In this case, both dismissals were pursuant to Penal Code section 1385, which provides for dismissal by the court either on its own motion or on application of the prosecuting attorney, in furtherance of justice.

The Attorney General argues that here there was only one *prior* dismissal of the "action" and that the "action" under the second complaint was never actually dismissed; rather that the district attorney elected to proceed by grand jury indictment as the means to bring defendants to trial. We agree. Dismissal of the *complaint* on March 17, at request of the prosecutor due to the return of the indictment, followed immediately on March 18 by arraignment on the indictment, did not constitute a dismissal of the *action* within the meaning of Penal Code section 1387 as we interpret it in context with its intent and purpose to achieve a speedy trial; the procedure was an orderly, uninterrupted continuation of the prosecution of the action in a most expeditious manner." The chronology of the case makes it clear that from filing the second complaint on March 2, 1977, there was no interference with the speedy trial concept which section 1387 is designed to protect.

The judgment (order of dismissal) is reversed and the cause is remanded to the trial court for proceedings on the indictment.

Puglia, P. J., and Paras, J., concurred.

A petition for a rehearing was denied March 13, 1978, and the opinion was modified to read as printed above. The petition of respondent Meyer for a hearing by the Supreme Court was denied April 20, 1978.