[No. D051271. Fourth Dist., Div. One. Jan. 25, 2008.]

GEORGE H. BERARDI, Petitioner, v.
THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

Law Offices of Jose C. Rojo and Jose C. Rojo for Petitioner.

No appearance for Respondent.

Bonnie M. Dumanis, District Attorney, Cathy Stephenson, Craig E. Fisher and Richard S. Armstrong, Deputy District Attorneys, for Real Party in Interest.

OPINION

**McDONALD, Acting P. J.**—George H. Berardi filed a petition for writ of mandate and/or prohibition challenging the trial court's order overruling his demurrer to a complaint filed by the San Diego County District Attorney's

Office charging him with murder (Pen. Code, § 187, subd. (a))[1] and conspiracy to commit murder (§§ 182, subd. (a)(1), 187, subd. (a)). Berardi argues the complaint is barred by section 1387's "two dismissal" rule because there have been two prior dismissals or terminations of actions against him involving the same charges. He alternatively argues that to the extent section 1387 does not require dismissal of the complaint, he is denied his constitutional right to equal protection of the law.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

About 6:00 p.m. on July 8, 2005, police found Marcus Keglar lying on the ground between two apartment buildings. (*Berardi, supra*, 149 Cal.App.4th at p. 481.) He had been shot in the head and died after being taken to the hospital. (*Ibid.*) In August, Daniel May admitted he shot Keglar and told police Berardi was not involved. (*Ibid.*)

On July 9, Anna Tong, Berardi's friend, told police Berardi did not sell marijuana and heard him tell Keglar to " 'leave him alone and he didn't sell weed.' " (*Berardi, supra*, 149 Cal.App.4th at p. 488.) On July 20, she told police that no one told her May killed Keglar, although the circumstances appeared suspicious to her.[3] (*Berardi, supra*, 149 Cal.App.4th at p. 488.) However, in March 2006, Tong told police that Berardi was involved in the planning of Keglar's murder. (*Id.* at p. 481.)

On March 23, 2006, the People filed a complaint (in San Diego County Super Ct. case No. SCD197777) charging Berardi with murder and conspiracy to commit murder. (*Berardi, supra*, 149 Cal.App.4th at p. 482.) At Berardi's preliminary hearing on those charges, Tong testified that on July 8, 2005, she and Berardi drove from her apartment (in which Berardi also lived) to a restaurant. During the drive, Berardi by telephone discussed a marijuana deal with Keglar. Berardi discussed the amount of marijuana and the location

---

[1] All statutory references are to the Penal Code.

[2] Our discussion of the factual background in this case is based primarily on those facts set forth in our opinion in *Berardi v. Superior Court* (2007) 149 Cal.App.4th 476 [57 Cal.Rptr.3d 170] (*Berardi*), which contains a more extensive discussion of the facts relevant to the issues in that case.

[3] As we noted in *Berardi*, "Tong's statement about suspicious circumstances apparently referred to her disclosure to the police at the July 20 interview that Berardi had told her that Keglar had threatened Berardi's life, that Keglar's friends had tried to kill May during a marijuana sale, and that Berardi and May had acquired a weapon for their protection." (*Berardi, supra*, 149 Cal.App.4th at p. 488, fn. 5.)

of the transaction at the cul-de-sac near Tong's apartment complex. While at the restaurant, Berardi told Tong she was going to be his alibi because May was going to meet and shoot Keglar while they (Berardi and Tong) were at the restaurant. Berardi explained that for one of them (Berardi or Keglar) to be with Desiree Winchell (Berardi's former girlfriend and Keglar's current girlfriend), one of them had to die. While at the restaurant, Berardi received a telephone call from May. During that call, Berardi said, "The pizza ha[s] been delivered," which Tong later learned meant Keglar had been shot. When they returned to the apartment, Tong spoke with May, who appeared distraught. May told her he shot Keglar and needed to leave.[4] Based on the preliminary hearing evidence, the magistrate (San Diego County Superior Court Judge John M. Thompson) found probable cause to bind Berardi over for trial. (*Berardi, supra,* 149 Cal.App.4th at p. 482.) On May 23, the People filed an information charging Berardi with murder and conspiracy to commit murder. On or about May 24, a consolidated information was filed against Berardi and May (in San Diego County Super Ct. case No. SCD193311), the case number originally involving only May) charging Berardi and May with murder and conspiracy to commit murder. (*Berardi, supra,* 149 Cal.App.4th at p. 482.)

On June 13, Berardi filed a motion to set aside the information against him pursuant to section 995 for lack of reasonable or probable cause and also based on the denial of a substantial right when the prosecutor did not disclose exculpatory evidence before Berardi's preliminary hearing. In particular, Berardi argued the prosecutor did not disclose until after his preliminary hearing that Tong, shortly before that hearing, requested immunity for herself and her boyfriend, Nathaniel Green. Without that evidence, Berardi argued he was not afforded an opportunity to fully cross-examine Tong at his preliminary hearing.

On June 16, the People filed an amended consolidated information against Berardi and May, adding the special circumstance allegation that they killed Keglar while lying in wait (§ 190.2, subd. (a)(15)).

Apparently on June 28, the trial court (San Diego County Super. Ct. Judge Kerry Wells) denied Berardi's section 995 motion to set aside the information, but declined to consider his additional due process claim at that time.[5] (*Berardi, supra,* 149 Cal.App.4th at p. 482, fn. 2.)

---

[4] May was later arrested in Las Vegas, Nevada, and extradited to San Diego.

[5] Unfortunately, the record provided by Berardi does not include either the reporter's transcript or a minute order from that June 28, 2006, hearing. However, because Berardi represents in his petition, and the People do not dispute, the trial court took that action at the hearing, we accept Berardi's representation as true in considering his petition.

On June 30, Berardi filed a motion to set aside the information and its special allegation based on due process grounds. He argued he was denied a substantial right at the preliminary hearing and the prosecutor violated her *Brady*[6] obligation to timely provide disclosure of exculpatory evidence, essentially restating the argument in his June 13 motion to set aside the information. The hearing on that motion apparently was set for July 21.

However, before a hearing was held on Berardi's June 30 motion to set aside the information based on due process grounds, the prosecution sought a grand jury indictment against Berardi and May. (*Berardi, supra*, 149 Cal.App.4th at p. 482.) After the prosecution presented its evidence, the grand jury found probable cause to indict Berardi and May. (*Ibid.*)

On July 12, the People filed the indictment (in San Diego County Super. Ct. case No. SCD193826) charging Berardi and May with murder and conspiracy to commit murder. (*Berardi, supra*, 149 Cal.App.4th at p. 482.)

On July 17, the People filed a motion to set aside (i.e., dismiss) the information (in SCD193311) as a duplicative pleading to the indictment (in SCD193826). The motion stated: "[D]efendants [Berardi and May] have been charged with crimes and allegations in an Amended Information in [SCD193311]. A Grand Jury returned a True Bill for these same charges and allegations as to each defendant from the same events that occurred on July 8, 200[5]. An Indictment is filed before this court in [SCD193826]. The People move to dismiss the Information in favor of the Indictment due to the duplicative pleadings."

On July 21, the trial court (Judge Thompson) granted the People's motion to dismiss the information. When the prosecutor asked whether the information was dismissed "[a]s a duplicate filing," the court stated that it was dismissed "[a]s a duplicate filing." Berardi and May were then arraigned on the indictment.

Berardi filed a motion to dismiss the indictment pursuant to section 939.71[7] and, alternatively, on due process grounds. (*Berardi, supra*, 149 Cal.App.4th at pp. 482–483.) He argued the prosecution did not inform the

---

[6] *Brady v. Maryland* (1963) 373 U.S. 83 [10 L.Ed.2d 215, 83 S.Ct. 1194].

[7] Section 939.71 provides: "(a) If the prosecutor is aware of exculpatory evidence, the prosecutor shall inform the grand jury of its nature and existence. Once the prosecutor has informed the grand jury of exculpatory evidence pursuant to this section, the prosecutor shall inform the grand jury of its duties under Section 939.7. If a failure to comply with the provisions of this section results in substantial prejudice, it shall be grounds for dismissal of the portion of the indictment related to that evidence." Section 939.7 provides: "The grand jury is not required to hear evidence for the defendant, but it shall weigh all the evidence submitted to it, and when it has reason to believe that other evidence within its reach will explain away

grand jury of certain exculpatory evidence and misrepresented to the grand jury other exculpatory evidence. (*Id.* at p. 482.) The trial court (Judge Thompson) found the prosecution had failed to comply with its duty to notify the grand jury of exculpatory evidence, but its failure did not create a substantial prejudice because Berardi (and May) would have been indicted by the grand jury even had the prosecution fully disclosed the exculpatory evidence. (*Ibid.*) The court denied Berardi's motion to dismiss the indictment. (*Id.* at p. 483.) Berardi filed a petition challenging the trial court's order denying his motion to dismiss the indictment.[8]

In *Berardi, supra,* 149 Cal.App.4th 476 (issued on Apr. 6, 2007), we concluded: "Berardi has shown the prosecution's disclosure to the grand jury was inadequate and inaccurate, and the disclosure deficiencies seriously interfered with the grand jury's investigatory function, undermining its independence. Examining the record as a whole, we conclude it is reasonably probable the grand jury would not have found probable cause to indict had it been properly informed of the exculpatory evidence. Accordingly, we grant Berardi's writ petition and order the trial court to dismiss the indictment under section 939.71. Given our holding, we need not address Berardi's request for dismissal on due process grounds." (*Berardi, supra,* 149 Cal.App.4th at p. 481.) In support of that conclusion, we reasoned: "Evaluating the record as a whole, the prosecution's case was predicated almost exclusively on the testimony of a single witness—Tong—whose information was derived from [Berardi's] admissions, with no other direct evidence of guilt and no strong circumstantial evidence. Although the grand jury had the opportunity to assess Tong's credibility, it had no knowledge of three important evidentiary items that were relevant to that assessment: i.e., May's statement exonerating Berardi; May's statement that there was an agreement to sell marijuana, not an agreement to commit murder; and Omar's statement that Tong told him she was planning to lie to inculpate Berardi. These disclosure deficiencies, considered in the light of the probable cause evidence presented by the prosecution, create a serious doubt as to whether the grand jury would have found a strong suspicion of guilt absent the error." (*Berardi, supra,* 149 Cal.App.4th at p. 497.) We ordered that a peremptory writ of mandate be issued directing the trial court to vacate its order denying Berardi's motion to dismiss the indictment and enter a new order dismissing the indictment. (*Id.* at p. 499.)

---

the charge, it shall order the evidence to be produced, and for that purpose may require the district attorney to issue process for the witnesses."

[8] On August 17, 2007, we issued an order granting Berardi's request that we take judicial notice of the record in *Berardi,* including the petition and appendix consisting of three volumes of exhibits.

On June 6, 2007, the remittitur was issued, and on June 7 the trial court dismissed the indictment as ordered.[9] On or about June 6, the People filed a new complaint (in San Diego County Super. Ct. case No. SCD193826) refiling the charges against Berardi for murder and conspiracy to commit murder.

On June 7, Berardi filed a demurrer to the new complaint, arguing the trial court did not have jurisdiction over those charged offenses because the same charges had previously been dismissed on two occasions. He noted the information in SCD193311 was dismissed in July 2006 and the indictment in SCD193826 was dismissed in April 2007. He argued that based on section 1387 and his due process and speedy trial rights, the People were barred from prosecuting, and the trial court did not have jurisdiction over, the third filing of those charged offenses.

The People opposed Berardi's demurrer to the new complaint. The People's memorandum of points and authorities opposing the demurrer noted the information had been dismissed as a duplicative pleading pursuant to the People's motion to dismiss after a superseding indictment had been obtained. Citing case law, the People argued that because the information had been dismissed merely as a duplicative pleading and the superseding indictment continued their case against Berardi, the section 1387 "two dismissal" rule did not apply.

On June 21, the trial court (Judge Thompson) conducted a hearing on Berardi's demurrer to the new complaint. After hearing arguments of counsel, the court stated: "After reviewing the facts, it appears that neither of the dismissals in the case was ordered pursuant to Penal Code section 1387. The information was dismissed pursuant to [section] 1385. The indictment was dismissed pursuant to Penal Code section 939.71. They do not constitute qualifying dismissals under Penal Code section 1387." The trial court overruled Berardi's demurrer to the complaint.

On July 17, Berardi filed the instant petition for writ of mandate and/or prohibition (Petition) challenging the trial court's order overruling his demurrer to the complaint. The Petition also sought an immediate stay of the preliminary hearing on the complaint.

---

[9] The record provided by Berardi does not contain a copy of the trial court's order dismissing the indictment. However, because Berardi represents in his petition, and the People do not dispute, that the trial court issued that order on June 7, 2007, we accept Berardi's representation as true in considering his petition.

On July 25, we issued an order staying the preliminary hearing scheduled for July 26, pending further order of the court. On August 10, the People filed their response to the Petition. On August 15, Berardi filed a reply to the People's response. On August 17, we issued an order to show cause why the relief requested in the Petition should not be granted.

## DISCUSSION

### I

*Section 1387 Generally*

█ Section 1387 generally provides a "two dismissal" rule barring further prosecution of a felony if the action against the defendant has twice been previously terminated according to the provisions of that statute. (*People v. Superior Court (Martinez)* (1993) 19 Cal.App.4th 738, 742 [23 Cal.Rptr.2d 733] (*Martinez*).) With certain exceptions, section 1387, subdivision (a), provides regarding felony offenses: "An order terminating an action pursuant to this chapter [chapter 8 of title 10 of part 2, i.e., Sections 1381–1388], or Section 859b, 861, 871, or 995, is a bar to any other prosecution for the same offense if it is a felony . . . and the action has been previously terminated pursuant to this chapter [chapter 8 of title 10 of part 2, i.e., Sections 1381–1388], or Section 859b, 861, 871, or 995 . . . ." "Where there are *successive dismissals on any of these* [statutory] *grounds* [set forth in section 1387], *or combinations of them,* the order terminating the second action operates to bar any third or subsequent prosecution on the same charge unless one of the statutory *exceptions* applies. [Citation.]" (5 Witkin & Epstein, Cal. Criminal Law (3d ed. 2000) Criminal Trial, § 423, p. 600.) "Because [section] 1387 refers to dismissals under specified statutes, it presumably does not apply to a dismissal made on nonstatutory grounds [citation]." (*Id.,* § 421, p. 597.)

"[U]ntil 1975, the interest in prosecuting felonies was considered so much greater that, while a one-dismissal rule applied to misdemeanors, felony charges could be refiled ad infinitum. [Citations.]" (*Burris v. Superior Court* (2005) 34 Cal.4th 1012, 1019 [22 Cal.Rptr.3d 876, 103 P.3d 276].) However, in 1975, section 1387 was amended to add the felony "two dismissal" limit. (See Stats. 1975, ch. 1069, § 1, p. 2615; *Burris, supra,* at p. 1019.) Felony prosecutions are now generally "subject to a two-dismissal rule; two previous dismissals of charges for the same offense will bar a new felony charge." (*Burris, supra,* at p. 1019.)

"Section 1387 implements a series of related public policies. It curtails prosecutorial harassment by placing limits on the number of times charges may be refiled. [Citations.] The statute also reduces the possibility that prosecutors might use the power to dismiss and refile to forum shop. [Citations.] Finally, the statute prevents the evasion of speedy trial rights through the repeated dismissal and refiling of the same charges. [Citations.]" (*Burris v. Superior Court, supra*, 34 Cal.4th at p. 1018.) "The purpose of section 1387 is to prevent improper successive attempts to prosecute a defendant." (*People v. Cossio* (1977) 76 Cal.App.3d 369, 372 [142 Cal.Rptr. 781].)

In the circumstances of this case, the parties agree that sections 995 and 1385 are the only statutory grounds for dismissals that *arguably* constituted terminations of actions against Berardi pursuant to section 1387. Section 995, subdivision (a), provides:

"[T]he indictment or information shall be set aside by the court in which the defendant is arraigned, upon his or her motion, in either of the following cases:

"(1) If it is an indictment:

"(A) Where it is not found, endorsed, and presented as prescribed in this code.

"(B) That the defendant has been indicted without reasonable or probable cause.

"(2) If it is an information:

"(A) That before the filing thereof the defendant had not been legally committed by a magistrate.

"(B) That the defendant had been committed without reasonable or probable cause."

Section 1385, subdivision (a), provides: "The judge or magistrate may, either of his or her own motion or upon the application of the prosecuting attorney, and *in furtherance of justice*, order an action to be dismissed. The reasons for the dismissal must be set forth in an order entered upon the minutes. No dismissal shall be made for any cause which would be ground of demurrer to the accusatory pleading." (Italics added.)

## II

### *Dismissal of Information*

Berardi contends the trial court erred in overruling his demurrer to the new complaint because that complaint is barred by section 1387's "two dismissal" rule. He argues there have been two prior dismissals or terminations of actions against him pursuant to section 1387 (i.e., dismissal of the information in SCD193311 on July 21, 2006, and dismissal of the indictment in SCD193826 on June 7, 2007).

### A

The information (in SCD193311) charged Berardi (and May) with murder and conspiracy to commit murder. Berardi moved to set aside the information pursuant to section 995 for lack of reasonable or probable cause and, alternatively, based on the denial of a substantial right when the prosecutor did not disclose exculpatory evidence before his preliminary hearing. The trial court denied Berardi's section 995 claim, but deferred ruling on his claim that he was denied a substantial right. While that claim was pending (whether termed a denial of a substantial right or violation of due process), the prosecutor sought and obtained a grand jury indictment (in SCD193826) charging Berardi (and May) with murder and conspiracy to commit murder. The prosecutor then filed a motion to dismiss the information "as a duplicative pleading" that was unnecessary because of the superseding indictment. The trial court granted that motion, expressly confirming that the information was dismissed "[a]s a duplicate filing." Berardi and May were then arraigned on the indictment.

### B

In general, courts have *not* considered dismissals of duplicative accusatory pleadings to be terminations of actions within the scope of section 1387. In *People v. Cossio, supra*, 76 Cal.App.3d 369, a complaint was dismissed when the prosecution was not ready to proceed. (*Id.* at pp. 370–371.) The prosecution then filed a second complaint. (*Id.* at p. 371.) However, before a preliminary hearing was held on the second complaint, a grand jury returned an indictment charging the defendant with the same felony offenses charged in the second complaint. (*Id.* at pp. 370–371.) On the defendant's motion, the court dismissed the second complaint. (*Id.* at p. 371.) The defendant then

moved for dismissal of the indictment pursuant to section 1387 (76 Cal.App.3d at p. 371), which the trial court denied (*ibid.*). On appeal, *Cossio* stated: "In our case, . . . the *indictment* with which we are concerned *was returned while the second* municipal court *complaint was still pending* and there was, at that date, only one dismissal by a magistrate. *The People urge* that that distinction is material and that *the subsequent dismissal of the second complaint was merely to clear the court records of what, in light of the return of the indictment, had become an unnecessary proceeding. We agree with that position.* The purpose of section 1387 is to prevent improper *successive* attempts to prosecute a defendant. *Where, as here, the proceedings are ready to go forward, on an indictment properly filed, the subsequent dismissal of a complaint involving the same facts does not involve the defendant in the kind of successive prosecutions that section 1387 was designed to prevent. In fact, the proceedings below effectuated, rather than impeded, the statutory objective. Defendant was relieved from the necessity of meeting the same charges in two different courts and was left with one prosecution to answer and defend.*" (*People v. Cossio, supra,* 76 Cal.App.3d at pp. 371–372, italics added.) Accordingly, *Cossio* affirmed the trial court's denial of the defendant's section 1387 motion. (76 Cal.App.3d at p. 372.)

Similarly, in *People v. Schlosser* (1978) 77 Cal.App.3d 1007 [144 Cal.Rptr. 57], a felony complaint was filed and during the preliminary hearing the magistrate granted a section 1538.5 motion to suppress evidence. (77 Cal.App.3d at p. 1009.) The magistrate then dismissed the complaint, citing section 1385. (77 Cal.App.3d at p. 1009.) A second complaint was filed charging the defendants with the same felony offenses. (*Ibid.*) However, before a preliminary hearing was conducted, the prosecutor sought and obtained a grand jury indictment charging the defendants with the same felony offenses. (*Ibid.*) On the date set for the preliminary hearing on the second complaint, the prosecutor moved to dismiss that complaint. (*Ibid.*) The court granted that motion to dismiss. (*Ibid.*) The defendants were then arraigned on the indictment. (*Ibid.*) The defendants moved to dismiss the indictment as barred pursuant to section 1387. (77 Cal.App.3d at pp. 1009–1010.) The trial court granted that motion to dismiss. (*Ibid.*) On appeal, *Schlosser* stated:

"In this case, both dismissals were pursuant to . . . section 1385, which provides for dismissal by the court either on its own motion or on application of the prosecuting attorney, in furtherance of justice.

"The Attorney General argues that here there was only one *prior* dismissal of the 'action' and that the 'action' under the second complaint was never actually dismissed; rather that the district attorney elected to proceed by grand jury indictment as the means to bring defendants to trial. We agree.

Dismissal of the [second] *complaint* . . . , at the request of the prosecutor due to the return of the indictment, followed immediately on March 18 by arraignment on the indictment, did not constitute a dismissal of the *action* within the meaning of . . . section 1387 as we interpret it in context with its intent and purpose to achieve a speedy trial; *the procedure was an orderly, uninterrupted continuation of the prosecution of the action in a most expeditious manner*.[] The chronology of the case makes it clear that from filing the second complaint . . . , there was no interference with the speedy trial concept which section 1387 is designed to protect." (*People v. Schlosser, supra,* 77 Cal.App.3d at pp. 1010–1011, last italics added.) *Schlosser* reversed the trial court's dismissal of the indictment. (*Id.* at p. 1011.)

In 1984, the Legislature amended section 1387 to essentially codify the holdings in *Cossio* and *Schlosser*, adding language now found in section 1387, subdivision (c). (Stats. 1984, ch. 924, § 1, p. 3090; *Martinez, supra,* 19 Cal.App.4th at p. 748.) Section 1387, subdivision (c), provides: "An order terminating an action is not a bar to prosecution if a complaint is dismissed before the commencement of a preliminary hearing in favor of an indictment filed pursuant to Section 944 and the indictment is based upon the same subject matter as charged in the dismissed complaint, information, or indictment."

In *Martinez, supra,* 19 Cal.App.4th 738, the court applied similar reasoning to that used in *Cossio* and *Schlosser,* stating: "The substitution of the indictment for the information was a matter of form rather than substance. Rather than subjecting [the defendants] to successive prosecutions, the substitution relieved them of the burdens of the pending information. . . . [E]limination of duplicative prosecutions is desirable and promotes the purposes of section 1387, and such reality should not be confused amid 'semantic procedural distinctions' and 'paper gavottes.' " (*Martinez, supra,* at p. 749, quoting *People v. Bohlen* (1992) 4 Cal.App.4th 400, 403 [5 Cal.Rptr.2d 670].)

In *People v. Elias* (1990) 218 Cal.App.3d 1161 [267 Cal.Rptr. 348] (*Elias*), the prosecution filed an initial felony complaint. (*Id.* at p. 1163.) One week later, the prosecution filed another complaint charging the defendant with the same felony offense. (*Ibid.*) A preliminary hearing was held, and the defendant was held to answer, on the first complaint. (*Ibid.*) The prosecution then filed an information in that case. (*Ibid.*) The trial court granted the defendant's section 995 motion to dismiss that information. (*Elias,* at p. 1163.) The People then filed a third complaint charging the defendant with the same

felony offense. (*Ibid.*) At the defendant's arraignment on that third complaint, the prosecution discovered the second complaint that had never been acted upon. (*Ibid.*) The court granted the prosecution's motion to dismiss the second complaint as a duplicate filing. (*Ibid.*) However, before the preliminary hearing on the third complaint, the defendant moved to dismiss the third complaint pursuant to section 1387, arguing there had been two dismissals of the action within the meaning of that statute. (*Elias*, at pp. 1163–1164.) The magistrate denied the section 1387 motion. (*Elias*, at p. 1164.) After the defendant was held to answer on the third complaint, the prosecution filed an information. (*Ibid.*) The defendant moved to dismiss the information pursuant to section 1387. (*Elias*, at p. 1164.) The trial court concluded the prior dismissal of the second complaint was a dismissal in the interests of justice pursuant to section 1385. (*Elias*, at p. 1164.) Concluding the action had been twice terminated within the meaning of section 1387, the trial court granted the defendant's section 1387 motion to dismiss the information. (*Elias*, at p. 1164.) On appeal, *Elias* disagreed with the trial court's reasoning. (*Ibid.*) *Elias* stated:

"It is obvious the prosecutor and the magistrate were merely attempting to dispose of the inadvertently filed duplicate complaint while still leaving the identical action intact and pending under the new complaint. *Although there may be no statutory authorization for dismissing the duplicate complaint on the ground, as was done here, that it is a duplicate filing, such procedure does not convert the dismissal into one under . . . section 1385. Indeed, section 1385 was never mentioned by any of the parties or the magistrate at the time of the dismissal of the duplicate complaint.* At worst, the dismissal was unauthorized and thus an act beyond the magistrate's jurisdiction, thereby rendering the dismissal a nullity, but in no event was the dismissal pursuant to section 1385.

"A statutory procedure which would achieve the desired result of disposing of the duplicate complaint would be to consolidate the pleadings (. . . § 954) under the newly filed complaint number as two counts and then strike one count.

"If the defendant and the trial court were correct in their application of . . . sections 1385 and 1387, absurd results could follow. A defendant charged with multiple homicides and against whom the evidence was overwhelming would never have to answer for his crimes if, by mistake, three duplicate complaints were filed against him because two of them would have to be dismissed in the supposed interest of justice, i.e., under section 1385. Since statutes are to be construed to effectuate their purpose [citation] and not to produce an absurd result [citation], *the purported dismissal of an inadvertent duplicate filing of a criminal complaint does not constitute a termination of*

*the action within the meaning of either of sections 1385 or 1387.*" (*Elias, supra,* 218 Cal.App.3d at p. 1164, italics added.) *Elias* reversed the trial court's section 1387 dismissal of the information. (*Elias,* at p. 1165.)

## C

Berardi's argument the trial court's dismissal of the information in SCD193311 on July 21, 2006, constituted the first of two dismissals or terminations of the action against him under section 1387 presumes that dismissal was made by the trial court pursuant to section 1385 in furtherance of justice.[10] However, in granting the People's motion to dismiss that information "as a duplicative pleading," the trial court expressly confirmed that the information was dismissed "[a]s a duplicate filing." Similar to the facts in *Elias* discussed above, in this case neither the People's motion to dismiss the information, nor the trial court's July 21, 2006, order granting that motion to dismiss the information, made any mention of section 1385 or stated the information should be, or was, dismissed "in furtherance of justice" (or any equivalent language).

At the time of the People's motion to dismiss, there were two *concurrent* accusatory pleadings pending (i.e., the information and the indictment), both of which charged Berardi with the same felony offenses. Continued prosecution of both accusatory pleadings would not only have been illogical and a waste of judicial resources, but also would have been contrary to one of section 1387's purposes (i.e., to avoid prosecutorial harassment). (*Burris v. Superior Court, supra,* 34 Cal.4th at p. 1018.) The People properly sought dismissal of the information as a duplicative accusatory pleading unnecessary to their prosecution of Berardi on the indictment's charges of murder and conspiracy to commit murder. As noted in *Elias,* there does not appear to be any statute expressly granting the trial court authority to dismiss an accusatory pleading when it is a duplicate filing. (*Elias, supra,* 218 Cal.App.3d at p. 1164.) However, that does not necessarily mean, as Berardi apparently argues, that a dismissal as a duplicate filing is a section 1385 dismissal in furtherance of justice. Rather, we conclude the trial court in this case had inherent (i.e., nonstatutory) authority to dismiss a duplicative accusatory pleading. (Cf. 5 Witkin & Epstein, Cal. Criminal Law, *supra,* § 404, p. 573 ["A nonstatutory pretrial motion to dismiss the indictment or information has been recognized as a proper method to raise various defects in the institution or prosecution of a case."].) As noted above, "[b]ecause [section] 1387 refers

---

[10] To the extent Berardi alternatively argues in his reply letter that the trial court's dismissal of the information was pursuant to section 995 because of the prosecutor's violation of disclosure obligations, that argument is untimely and we decline to address it. In any event, because the trial court expressly denied Berardi's section 995 motion to dismiss the information, the record does not support his argument.

to dismissals under specified statutes, it presumably does not apply to a dismissal made on nonstatutory grounds [citation]." (*Id.*, § 421, p. 597.) Therefore, the trial court's dismissal of the information on the nonstatutory ground that it was a "duplicate filing" or duplicative accusatory pleading did *not* constitute one of the statutory grounds of dismissal that terminates an action within the meaning of section 1387.

As noted in *Elias*, an alternative procedure to dismissal of one of two duplicative accusatory pleadings could have been for the trial court to consolidate those pleadings pursuant to section 954 and then dismiss the duplicate counts alleged in that consolidated pleading. (*Elias, supra*, 218 Cal.App.3d at p. 1164.) The information and the indictment could have been consolidated pursuant to section 954, which provides in part: "[I]f two or more accusatory pleadings [charging different statements of the same offense] . . . in the same court, the court may order them to be consolidated." Accusatory pleadings charging felony offenses may be filed "either by indictment or, after examination and commitment by a magistrate, by information." (Cal. Const., art. I, § 14; see also § 737 ["All felonies shall be prosecuted by indictment or information . . . ."].) Furthermore, an information and an indictment may be consolidated, even though they are different types of accusatory pleadings. (See, e.g., *People v. Diaz* (1962) 206 Cal.App.2d 651, 664 [24 Cal.Rptr. 367], disapproved on another ground in *People v. Perez* (1965) 62 Cal.2d 769, 776 & fn. 2 [44 Cal.Rptr. 326, 401 P.2d 934].) Because we decline to exalt the form of a trial court's procedure over its substance, there is no logical reason to conclude the technical procedure employed by the trial court in dismissing the information as a duplicative accusatory pleading should have any effect on the determination of whether that dismissal is a termination of the action for purposes of section 1387. (*Martinez, supra*, 19 Cal.App.4th at p. 749 ["The substitution of the indictment for the information was a matter of form rather than substance."].) We conclude the trial court's dismissal of the information "[a]s a duplicate filing" to the indictment did not constitute a termination of the action against Berardi under section 1387.

Our conclusion is consistent with section 1387's purpose "to prevent improper *successive* attempts to prosecute a defendant." (*People v. Cossio, supra*, 76 Cal.App.3d at p. 372, italics added.) In this case, the information and the indictment were pending concurrently. They were *not successive* accusatory pleadings. Section 1387 is generally intended to protect against successive dismissals and refilings of accusatory pleadings. As stated in *Burris*, section 1387 "prevents the evasion of speedy trial rights through the repeated dismissal and refiling of the same charges. [Citations.]" (*Burris v. Superior Court, supra*, 34 Cal.4th at p. 1018.) The facts in this case do not violate that statutory objective. The People did not first dismiss the information and then seek a grand jury indictment of Berardi on the same charges or

otherwise "refile" those charges (i.e., by filing a new complaint). Rather, similar to the facts in *Cossio*, in this case the indictment was returned by the grand jury while the information was still pending. (*People v. Cossio, supra,* 76 Cal.App.3d at pp. 371–372.) Accordingly, "[w]here, as here, the proceedings are ready to go forward, on an indictment properly filed, the subsequent dismissal of [an information] involving the same facts does not involve the defendant in the kind of successive prosecutions that section 1387 was designed to prevent. In fact, the proceedings below effectuated, rather than impeded, the statutory objective. Defendant was relieved from the necessity of meeting the same charges . . . and was left with one prosecution to answer and defend." (*Cossio*, at p. 372.)[11]

■ The trial court's dismissal of the information was *not* based on section 1385 in furtherance of justice. On July 21, 2006, the trial court granted the People's motion to dismiss the information "as a duplicative pleading" and expressly confirmed at that hearing dismissal of the information was "[a]s a duplicate filing." Although the trial court in denying Berardi's section 1387 motion to dismiss the new complaint on June 21, 2007 (11 months after dismissing the information), stated "[t]he information was dismissed pursuant to [section] 1385," the court's description of the action it took 11 months earlier is not binding on us or determinative in any other manner.[12] Rather, the words used by the trial court at the time it granted the People's motion to dismiss the information provide us with both the label used by, and the underlying intent of, the court. As the trial court stated at the time it dismissed the information, the information was dismissed "[a]s a duplicate filing." In dismissing the information, the court did *not* mention section 1385 or use the phrase "in furtherance of justice" (or equivalent words).[13] Therefore, although dismissal of an accusatory pleading pursuant to section 1385 is

---

[11] The fact the information in this case was dismissed *after* a preliminary hearing was conducted does not necessarily mean that the trial court's dismissal of the information was a termination of the action pursuant to section 1387. Although in other cases (e.g., *Cossio* and *Schlosser*, as discussed above) the complaints were dismissed before a preliminary hearing was conducted and section 1387, subdivision (c), codified the holdings in those cases, we discern no logical reason to conclude the dismissal of a pending information after a preliminary hearing on the ground that accusatory pleading is duplicative of a superseding indictment is necessarily a termination of an action within the meaning of section 1387.

[12] It is also possible the trial court intended to state that the information was *not* dismissed pursuant to section 1385 and misspoke by omitting the word "not."

[13] A trial court's decision to dismiss an accusatory pleading as "duplicative" of another pleading does not appear to involve considerations normally involved in section 1385's dismissals in furtherance of justice. "When determining whether a [section 1385] dismissal will further the interests of justice, the court must consider both the constitutional rights of the defendant and the interests of society, as represented by the prosecution. [Citation.]" (*People v. Thorbourn* (2004) 121 Cal.App.4th 1083, 1088 [18 Cal.Rptr.3d 77].) The dismissal of an information as a filing duplicative of another pending accusatory pleading (i.e., the indictment) does not involve those substantive considerations. To the extent Berardi argues the trial court's

generally considered to be a statutory dismissal that constitutes termination of an action pursuant to section 1387, the dismissal of the information by the trial court in this case was *not* in furtherance of justice pursuant to section 1385. Because Berardi does not show the information was dismissed pursuant to section 1385 (or any other qualifying statutory dismissal listed in § 1387), the trial court's dismissal of the information on July 21, 2006, did *not* constitute a termination of the action against him within the meaning of section 1387.[14]

## D

Because the trial court's dismissal of the information on July 21, 2006, as a duplicate filing did not constitute a termination of the action pursuant to section 1387, Berardi has not carried his burden to show there have been *two* previous terminations of the action against him pursuant to section 1387 that preclude further prosecution against him (i.e., pursuant to the new complaint filed on or about June 6, 2007). He has not shown the first of the two purported section 1387 dismissals in this case was a termination of the action against him within the meaning of section 1387. The trial court did not err by overruling his demurrer to the new complaint.

## III

### *Dismissal of Indictment*

Berardi also contends the trial court's dismissal of the indictment pursuant to section 939.71 constituted a termination of the action against him pursuant to section 1387, thereby constituting the second of the two purported section 1387 dismissals that bar further prosecution against him (i.e., pursuant to the new complaint filed on or about June 6, 2007). However, because we conclude the first of his two cited dismissals (i.e., the trial court's dismissal of the information on July 21, 2006) did not constitute a termination of the

dismissal of the information was pursuant to section 1385 because the prosecutor failed to timely disclose exculpatory evidence prior to the preliminary hearing, we reject that argument because the court never made that finding and, in any event, dismissed the information "[a]s a duplicate filing" and *not* based on any purported violations of the prosecution's discovery obligations or other prosecutorial misconduct. Furthermore, had the trial court in this case intended to dismiss the information pursuant to section 1385, it presumably would have followed that statute's requirement that its reasons for that dismissal "in furtherance of justice" be specified on the record. No explanation appears in the record. Dismissal of the information as a "duplicate filing" does not express reasons or otherwise show any intent of the trial court to dismiss the information pursuant to section 1385.

[14] *People v. Mackey* (1985) 176 Cal.App.3d 177 [221 Cal.Rptr. 405], *People v. Carreon* (1997) 59 Cal.App.4th 804 [69 Cal.Rptr.2d 438], and the other cases cited by Berardi are inapposite and do not persuade us to conclude otherwise.

action against him pursuant to section 1387, we need not, and do not, address whether the section 939.71 dismissal of the indictment in this case constitutes a termination of the action against him pursuant to section 1387. Assuming arguendo the trial court's dismissal of the indictment constituted a section 1387 termination of the action, further prosecution of Berardi is not barred until there are *two* previous terminations of the action against him pursuant to section 1387.

IV

*Equal Protection*

Berardi contends his constitutional right to equal protection of the law requires that section 1387 be applied to bar further prosecution against him. His equal protection argument is premised on his assumption that the class of defendants who have two prior dismissals of informations after preliminary hearings are treated more favorably under section 1387 than the class of defendants (including Berardi) who have one prior dismissal of an information after a preliminary hearing and one dismissal of an indictment (e.g., pursuant to § 939.71), even though those two classes are similarly situated. He argues the first class is protected by section 1387 from further prosecution, whereas the second class is not.

However, because we concluded in part II, *ante*, that the trial court's dismissal of the information did not constitute a termination of the action against Berardi pursuant to section 1387, Berardi cannot show he is part of the class he asserts is unequally treated pursuant to section 1387. Absent a dismissal of an information qualifying as a termination of an action under section 1387, Berardi cannot show he is part of the purportedly disfavored class. Because we must refrain from deciding hypothetical or other questions of constitutional law unnecessary to our disposition of the case, we need not, and do not, address Berardi's equal protection contention. (*Santa Clara County Local Transportation Authority v. Guardino* (1995) 11 Cal.4th 220, 230 [45 Cal.Rptr.2d 207, 902 P.2d 225]; *Kollander Construction, Inc. v. Superior Court* (2002) 98 Cal.App.4th 304, 314 [119 Cal.Rptr.2d 614], disapproved on another ground in *Le Francois v. Goel* (2005) 35 Cal.4th 1094, 1107, fn. 5 [29 Cal.Rptr.3d 249, 112 P.3d 636].)

## DISPOSITION

The petition is denied. The stay of the preliminary hearing issued by this court on July 25, 2007, is vacated.

McIntyre, J., and O'Rourke, J., concurred.

A petition for a rehearing was denied March 13, 2008, and petitoner's petition for review by Supreme Court was denied April 23, 2008, S162207. George, C. J., did not participate therein. Kennard, J., was of the opinion that the petition should be granted.