Filed 12/10/15  P. v. Garcia CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOHNNY ANGEL GARCIA, JR.,<br><br>    Defendant and Appellant. | F069324<br><br>(Super. Ct. No. F13900489)<br><br>**OPINION** |

## THE COURT\*

APPEAL from a judgment of the Superior Court of Fresno County.  W. Kent Hamlin, Judge.

Peggy A. Headley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Jennevee H. de Guzman, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*Before Levy, Acting P.J., Poochigian, J. and Peña, J.

Johnny Angel Garcia, Jr., was convicted of possession of a controlled substance while armed with a firearm, and possession of a firearm by a felon. He argues the trial court erred when it denied his Penal Code section 995 motion to dismiss the controlled substance count. Garcia's motion was made after the magistrate concluded at the preliminary hearing there was insufficient evidence to hold him on this count, but the prosecutor filed an information that contained the charge. While we find the trial court erred in denying the motion, we affirm the judgment because Garcia cannot establish the error caused him any prejudice.

## FACTUAL AND PROCEDURAL SUMMARY

The first amended information charged Garcia with possession of a controlled substance while armed with a firearm (Health & Saf. Code, § 11370.1, subd. (a)), and possession of a firearm by a felon (Pen. Code, § 29800, subd. (a)(1)). In addition, Garcia was alleged to have suffered three prior convictions constituting strikes within the meaning of Penal Code section 667, subdivisions (b)-(i), and had three prior convictions resulting in prison sentences within the meaning of section 667.5, subdivision (b).

The trial testimony is not relevant to the issue on appeal, so we will provide only a brief summary.

Fresno police officer Robert Fry responded to a report of shots being fired in the neighborhood in question. As he was driving in the neighborhood, he noticed a man, later identified as Garcia, standing in front of a house talking on a cell phone, but did not think it was significant. When he reached an intersection, he turned his vehicle around. When he saw Garcia still standing in front of the house, Fry asked him if he had heard any gunshots. Garcia quickly turned away, walked to the front door of the house and knocked. As Garcia walked to the front door, he dropped an object into a bucket near the door. A man answered the door and a short conversation occurred. Garcia then turned back to Fry and said no one heard any gunshots. The man in the house, Va Lor, made a motion to Fry suggesting Garcia did not belong at the residence, so Fry yelled at Garcia

2.

to come to the police vehicle. Garcia ran away and jumped Lor's fence. Garcia was located about an hour later hiding in a garage a few houses down from where he was first seen. Fry recovered from the bucket a revolver, car keys, a black digital scale, and a substance that appeared to be methamphetamine. The revolver was fully loaded with five rounds of live ammunition.

Lor testified a Hispanic man parked in the street, then walked to his front door and knocked. When Lor answered the door, the Hispanic man offered him $100 if he would tell the police officer, who was in his car in the street, that he (the Hispanic man) lived at the house. Lor signaled to the police officer that the man did not live at the house. The man took off running through Lor's backyard. Lor was not able to identify Garcia as the man who knocked on his door.

The substance recovered from the scene was tested and found to contain methamphetamine; it was weighed and determined to be a usable amount. The revolver was tested and found to be operable.

Garcia's only defense witness was Jose Palomares. Palomares testified that on the night in question he had been riding with Garcia, he was the one who walked up to Lor's house and dropped the items in the bucket, and he was the one who ran away when confronted by Fry. His testimony contained many holes, and he could not remember many details. At the sentencing hearing the trial court described Palomares's testimony as "completely fictional."

The jury found Garcia guilty as charged. Garcia admitted the prior conviction allegations as well as the prior prison term allegations. The trial court struck two of Garcia's prior convictions and then sentenced him to the aggravated term of four years for the possession count, doubled to eight years, and added one year for the prison prior for a total term of nine years. The sentence on the possession of a firearm count (three years doubled for a total of six years) was stayed pursuant to Penal Code section 654.

3.

## DISCUSSION

Garcia's only argument is that the trial court erred when it denied his Penal Code section 995 motion to dismiss count 1 of the information, possession of methamphetamine while armed with a loaded and operable firearm. Resolution of this issue requires us to begin with the evidence at the preliminary hearing.

Only two witnesses testified at the preliminary hearing. Fresno police officer Robert Fry testified in a manner wholly consistent with his trial testimony. However, the firearm was only described as a "loaded .38 Smith and Wesson revolver." Frey did not testify the weapon was operable.

Defense counsel argued the evidence was insufficient to hold Garcia on the possession of methamphetamine while armed with a loaded and operable firearm count because of the absence of this evidence. The magistrate agreed and did not hold Garcia to answer to this charge.

The information filed by the prosecutor charged Garcia with possession of methamphetamine while armed with a loaded and operable firearm. Defense counsel filed a motion pursuant to Penal Code section 995 arguing there was insufficient evidence presented at the preliminary hearing to support the count. The trial court denied the motion concluding,

> "I will … find that there is circumstantial evidence sufficient to meet the test at prelim for the People to allege the charge at trial, and the reason for that, as I say, is the gun is loaded, he does engage in conduct which evidences a consciousness of guilt, and while it doesn't necessarily mean that his consciousness of guilt goes directly to this particular charge, um, it strikes me that if he hadn't been involved in the firing of this weapon, his behavior would have been considerably different when he was confronted by the officer. I think his behavior when confronted by the officer and then when told to stop by the officer, and later being found where he was, buy into the fact he's found four or five residences from one of the reporting parties is enough for the court to conclude there's circumstantial evidence he fired the gun that was reported, and that's enough evidence to support the conclusion that that gun that he tossed in that bucket was that gun that he fired, and was therefore operable."

4.

Garcia argues the trial court's reasoning was flawed, and the evidence was insufficient to hold him to answer to the charge.

Health and Safety Code section 11370.1, subdivision (a) provides increased punishment for individuals who possess controlled substances "while armed with a loaded, operable firearm." Penal Code section 995, subdivision (a)(1)(B) requires an information be set aside if the defendant had not been legally committed by a magistrate, or he or she was committed without reasonable or probable cause. Reasonable or probable cause is defined as the state of facts that would lead a man of ordinary caution or prudence to believe and conscientiously entertain a strong suspicion the defendant was guilty of the charged crime. (*People v. San Nicolas* (2004) 34 Cal.4th 614, 654.) Reasonable or probable cause may exist even if the facts leave some room for doubt about the guilt of the defendant. (*People v. Mower* (2002) 28 Cal.4th 457, 473.) "Every legitimate inference that may be drawn from the evidence must be drawn in favor of the information." (*People v. Hall* (1971) 3 Cal.3d 992, 996.)

Nonetheless, the People must make some showing as to the existence of each element of the charged offense. (*Thompson v. Superior Court* (2001) 91 Cal.App.4th 144, 148.) These elements may be established with circumstantial evidence. (*People v. Gaio* (2000) 81 Cal.App.4th 919, 936.)

The issue is whether the prosecution presented sufficient evidence at the preliminary hearing, through either direct or circumstantial evidence, that would permit us to infer the firearm recovered by Fry was operational. Clearly there was no direct evidence the firearm was operational. Fry's testimony established only that the firearm was loaded. The magistrate concluded there was a complete lack of evidence to support the "operational" element of a Health and Safety Code section 11370.1, subdivision (a) offense. The trial court felt the reasonable inferences that could be drawn from the facts adduced at the preliminary hearing provided sufficient evidence the firearm was operational. We disagree.

The trial court's reasoning was based on two facts. The first fact was Fry responded to the area because of reports of shots having been fired. The second fact was Garcia responded to Fry in such a manner to suggest a consciousness of guilt. The trial court reasoned that if Garcia had not shot his firearm causing the reports of shots fired in the area, then he would have reacted differently when confronted by Fry. Because Garcia ran when confronted by the police, the trial court concluded it was reasonable to infer Garcia was the one who fired the shots in the area, and therefore the firearm had to be operational.

The trial court's logic is flawed for two reasons. First, Fry testified at the preliminary hearing the firearm was loaded. He did not state the firearm had been recently fired. If the revolver was loaded, it is logical to conclude it had not been fired, a fact confirmed by Fry's trial testimony. Since there was no evidence Garcia had additional cartridges to replace those the trial court concluded he had previously fired, the evidence does not support the trial court's inference.

Second, the premise on which the trial court based its conclusion is erroneous. The trial court assumed Garcia ran only because he recently fired the firearm. However, Garcia's reaction to being confronted by the police is logically explained by the fact he was a recently released felon in possession of a firearm and methamphetamine. To suggest he ran because he had recently fired the firearm is pure speculation. Because the premise on which the trial court relied is based on speculation, the conclusion the trial court reached is based on speculation. Speculation is not a reasonable and legitimate inference adduced from the evidence. The trial court's error, however, requires reversal only if Garcia can establish he was prejudiced by this error. (*People v. Letner and Tobin* (2010) 50 Cal.4th 99, 140 (*Letner*).)

Garcia argues he suffered prejudice as a result of the trial court's ruling because, had the trial court ruled correctly, then the prosecution would have been precluded from prosecuting him for this charge by the "two dismissal rule" found in Penal Code section

6.

1387. (*Berardi v. Superior Court* (2008) 160 Cal.App.4th 210, 218 [two dismissals of felony charges for the same offense will bar further prosecution].) He reasons that since the magistrate dismissed the Health and Safety Code section 11370.1, subdivision (a) violation once when it held there was insufficient evidence to hold him to answer the charge, the dismissal pursuant to his Penal Code section 995 motion would have been the second dismissal.

The flaw in Garcia's argument is that the trial court did not grant the Penal Code section 995 motion, so the charge was only dismissed once. Therefore, the two dismissal rule does not apply. Instead, as the Supreme Court did in *Letner*, we look to the record of this case to determine if the error in denying the section 995 motion caused Garcia prejudice. As in *Letner*, the record conclusively establishes Garcia did not suffer any prejudice because the evidence at trial established the firearm was operational, and the evidence also was sufficient to support every other element of the charge. (*Letner*, *supra*, 50 Cal.4th at p. 140.)

*Letner* is procedurally identical to this case. The magistrate in *Letner* did not hold the defendants to answer on burglary charges and a burglary special circumstance allegation because of insufficient evidence. The prosecutor filed an information which included the charge as well as the special circumstance allegation. The defendants both moved to dismiss pursuant to Penal Code section 995 based on the magistrate's ruling. The trial court denied the motion finding sufficient evidence to hold the defendants to answer on all charges and allegations. (*Letner*, *supra*, 50 Cal.4th at p. 138.) On appeal the defendants argued the trial court erred in denying their respective section 995 motions. The Supreme Court declined to reach the merits of the issue, instead rejecting the defendants' argument because they could not establish any prejudice as the evidence presented at trial was sufficient to support the jury's verdict. (*Letner*, at pp. 138-140.) Since the relevant facts in this case are identical to the relevant facts in *Letner*, we are

7.

bound by the Supreme Court's analysis.  (*Auto Equity Sales*, *Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)

## DISPOSITION

The judgment is affirmed.