Filed 6/13/13  Certified for publication 6/19/13 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Appellant, | G046899 |
| v. | (Super. Ct. No. 11NF3242) |
| MARK ANTHONY RODRIGUEZ, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from an order of the Superior Court of Orange County, James H. Poole, Judge.  (Retired judge of the Orange County Super.Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Request for Judicial Notice.  Request granted.  Order affirmed.

Tony Rackauckas, District Attorney, and Brian F. Fitzpatrick, Deputy District Attorney, for Plaintiff and Appellant.

Susan S. Bauguess, by appointment by the Court of Appeal, for Defendant and Respondent.

The trial court issued an order barring the prosecutor from proceeding further against defendant Mark Anthony Rodriguez on count 1 (murder) and count 3 (firing into an inhabited dwelling house) of the criminal complaint filed against him. The order was made pursuant to Penal Code section 1387, which bars further prosecution of any felony offense after it has twice been terminated for reasons specified in the statute. (All further statutory references are to the Penal Code.) The prosecutor appeals, arguing the court's order dismissing the first indictment alleging those counts did not qualify as a termination for purposes of section 1387. Alternatively, the prosecutor argues he should have been afforded one additional opportunity to refile the charges, because the court's order dismissing the first indictment constituted "excusable neglect" under section 1387.1. Finding neither contention persuasive, we affirm.

The court's order dismissing the first indictment qualified as a termination for purposes of section 1387 because it arose out of Rodriguez's motion to dismiss pursuant to section 995 – one of the specified bases for a qualifying termination under section 1387. Although the prosecutor did argue the court should simply dismiss the first indictment as "duplicative" and not reach the merits of the section 995 motion, in light of the grand jury's subsequent return of a second indictment against Rodriguez alleging the same counts, the court rejected that option. Instead, the court made clear its intention to afford Rodriguez relief *on the merits of his section 995 motion*, just as it had previously done for a different defendant who had been separately indicted on charges arising out of the same incident. (We grant Rodriguez's request for judicial notice of documents pertaining to the motion to dismiss filed by the other defendant, Wesley Solis, as well as the court's ruling thereon.) Indeed, the court expressly stated its intention was to treat the dismissal "as [a] 1387" dismissal. And while that order was directly appealable, the prosecutor elected not to pursue such an appeal.

The prosecutor's alternative claim, that the court's order dismissing the first indictment constitutes "excusable neglect" under section 1387.1, likewise fails because it

2

is unsupported by any showing that either the court's decision to reach the merits of the section 995 motion, or its ruling thereon, was actually erroneous.

FACTS

On December 11, 2008, the Orange County Grand Jury returned separate indictments against Rodriguez and four others arising out of an incident which allegedly occurred in June 2008. The indictment returned against Rodriguez charged him with counts of murder, attempted murder, shooting at an inhabited dwelling house, robbery and street terrorism.

In August 2010, one of the other defendants charged in connection with the incident, Solis, moved to dismiss the indictment returned against him under sections 995 and 939.71. Judge Francisco P. Briseno granted that motion in September of 2010.

On October 8, 2010, Rodriguez also moved to dismiss the indictment returned against him pursuant to sections 995 and 939.71. He argued he had been illegally committed without probable cause, and the prosecutor had withheld exculpatory evidence from the grand jury and otherwise committed misconduct before it. Five days later, the prosecutor presented evidence to the grand jury and requested new indictments be returned against the defendants charged in connection with the incident. The grand jury issued a new indictment against Rodriguez that same day.

On October 22, the date scheduled for hearing on Rodriguez's motion to dismiss the first indictment, the prosecutor requested the motion be dismissed as moot in light of the new indictment, or in the alternative, that the hearing be continued. After Rodriguez's counsel stated his desire to proceed with the motion, the court – again per Judge Briseno – ordered the hearing continued and requested further briefing on the issue of whether the new indictment rendered the pending motion moot.

3

At the continued hearing, the court thanked the parties for their supplemental briefing, but characterized the case as "procedurally . . . a mess, some of it caused by the D.A." The court then explained it was the fact the prosecutor had obtained separate indictments of each of the five defendants, rather than a single indictment encompassing all of them, which was the source of the procedural complication. Having already granted the section 995 motion filed by Solis, the court stated it was inclined to "dismiss the four other indictments that were originally filed, and have everybody be arraigned . . . in Department 5." However, the court noted it was struggling with "whether the dismissals as to these two defendants should be treated as a dismissal under 1387 . . . and that's why I'm looking to see why it was five separate indictments, because that appears to be an election by the People. And . . . if you agree with that, then I think we ought to grant the defense request that this dismissal of the first indictment be treated as one under 1387." The court explained that if the prosecutor had obtained only one indictment covering all defendants charged in the incident, and thus had joined all of them in a single case, Solis's section 995 motion would have been easily joined by all the other defendants and resolved consistently for all.

After some further colloquy with the prosecutor, who was arguing that the court should simply dismiss the initial indictment on the ground it was "duplicative" of the new indictment obtained after Solis's successful section 995 motion, without reaching the merits of Rodriguez's separate motion, the court made its ruling: "You might well be right. . . . But I'm going to take a practical approach, and I'm simply going to dismiss the first indictment as to these two defendants, and treat that dismissal under 1387, and I wanted to put on the record the basic procedure that preceded this motion here today." The court then clarified that it agreed "the second indictment does, in fact, supersede the first one. . . . But I'm also finding that the dismissal of the first indictment as to . . . these two defendants, I'm treating it as a 1387." The court also encouraged the prosecutor to seek appellate review of that ruling, but there is no indication the prosecutor did so.

4

In November 2010, Rodriguez was arraigned on the second indictment. Nearly a year later, in September 2011, Rodriguez moved to set aside the second indictment pursuant to sections 995 and 939.71. Despite the prosecutor's opposition, the court (per Judge Thomas Goethals) granted the motion pursuant to section 995, but only as to count 1 (murder) and count 3 (shooting at an inhabited dwelling) alleged in the indictment.

In November 2011, the prosecutor filed a felony complaint charging Rodriguez with four counts, including one count of murder and one count of shooting at an inhabited dwelling. Rodriguez responded by filing a motion to preclude further prosecution of those two counts on the basis they had been twice terminated on grounds specified in section 1387, and thus could not be pursued.

The prosecutor opposed the motion, arguing that Judge Briseno's order dismissing the first indictment could not have qualified as a dismissal pursuant to section 1387 because it was only the first dismissal of the charges, and section 1387 applies only when charges have been twice dismissed. The prosecutor also asserted that first dismissal could not be construed as a ruling on the merits of Rodriguez's 995 motion, because the grand jury's return of the second indictment prior to the court's ruling rendered the first indictment moot and left the court with no option other than to grant the prosecutor's request to dismiss it as "a duplicate pleading." Finally, the prosecutor argued that Judge Briseno's purported error in dismissing the original indictment pursuant to section 1387 qualified as "excusable neglect" under section 1387.1, and thus entitled the prosecution to refile the disputed charges a third time in the pending felony complaint.

Judge James H. Poole, acting as magistrate (there having been no arraignment on the felony complaint), rejected each of the prosecutor's arguments and granted the motion to dismiss. The magistrate explicitly characterized Judge Briseno's order dismissing the first indictment as "unambiguous" in its intended effect, which was

5

to qualify it as one of the two dismissals necessary to trigger section 1387. As the magistrate put it, "[Judge Briseno] ultimately said not 'no,' but 'hell no, this has 1387 consequences.'" The magistrate noted he agreed with the ruling in any case, while also pointing out that even though the ruling had been appealable, "for whatever reason, the district attorney's office chose not to appeal it so that's kind of a train that's passed through the station by now." The magistrate rejected the prosecutor's attempt to characterize the ruling as "excusable neglect" which might justify an additional opportunity to refile the charges under section 1387.1, explaining that he viewed the notion of "excusable neglect" by a court to be restricted to essentially clerical errors, rather than substantive legal rulings.

## DISCUSSION

### 1. The Appeal is Properly Before This Court

As a preliminary matter, we must address Rodriguez's contention this appeal should be dismissed because the prosecutor's remedy following a magistrate's dismissal ruling under section 1387 is a motion to reinstate the complaint filed in the superior court pursuant to section 871.5, subdivision (a), rather than a direct appeal of that ruling to this court. Relying on *People v. Mimms* (1988) 204 Cal.App.3d 471 (*Mimms*), Rodriguez asserts that such a motion is the exclusive means of challenging the dismissal order.

The prosecutor counters by asserting that the exclusivity rule stated in *Mimms* is essentially a relic of the days before unification of the municipal and superior courts, when all "magistrates" were municipal court judges rather than superior court judges, and when even felony cases were processed in the municipal courts prior to arraignment on the operative indictment or complaint. That rule was consistent with the

6

general requirement that all appeals from orders and judgments of the municipal court be filed with the appellate department of the superior court, rather than directly with the court of appeal.

However, as the prosecutor explains, "[t]o accommodate the unification, the Legislature amended sections 1235 and 1466. [Citations.] The proper appellate procedure is no longer determined by which court (i.e., 'inferior' or 'superior') issued the order. It is now determined by the 'type' of case. [Citations.] If the order occurred in 'an infraction or misdemeanor case,' the proper appeal is to the appellate division of the superior court. [Citation.] If the order occurred in a 'felony case,' the proper appeal is to the Court of Appeal."

We agree with the prosecutor. This appeal, which arises out of an order dismissing felony counts, is properly before us.

*2. The Dismissal of the First Indictment Implicated Section 1387*

The prosecutor's first contention is that, "*according to the [trial court] minutes*, Judge Briseno dismissed indictment I 'pursuant to Penal Code section 1387.'" (Italics added.) Focusing solely on that specific phrasing, the prosecutor suggests Judge Briseno's dismissal order was based *on the authority of section 1387*, and then argues that such an order would be erroneous because "by its terms Penal Code section 1387 only applies where felony charges have been twice dismissed" and at the time Judge Briseno made his challenged ruling, the indictment had not yet been dismissed.

Judge Briseno's ruling was, as the magistrate later characterized it, "unambiguous." It is absolutely clear from the record of the oral proceedings that Judge Briseno's reference to section 1387 had nothing to do with whether the statute itself would *justify* an order dismissing the indictment. To the contrary, Judge Briseno was actually faced with a surfeit of *justifications* for that dismissal order. Rodriguez's original motion sought dismissal of the indictment based on section 995 (a justification

7

Judge Briseno had previously found persuasive in regard to defendant Solis), while the prosecutor was separately arguing for dismissal of that same indictment based on the notion it had been rendered superfluous by the grand jury's return of a second indictment. Specifically, the prosecutor relied on *Berardi v. Superior Court* (2008) 160 Cal.App.4th 210 (*Berardi*) as authority for the proposition that dismissal of the initial indictment as a "duplicative pleading," which would not have consequences under section 1387, was the "proper result."

So everyone agreed the first indictment must be dismissed. What Judge Briseno was struggling with was whether his order granting the dismissal should be treated as a *qualifying* dismissal for purposes of the two-dismissal rule set forth in section 1387 or not. A dismissal based on the merits of Rodriguez's section 995 would qualify, while under *Berardi*, as the prosecutor repeatedly emphasized, a dismissal based on the mere fact a superseding indictment had been returned would not.

We know this was Judge Briseno's concern because he said so explicitly: "As to whether the dismissals . . . *should be treated as a dismissal under 1387* is the part that I'm struggling with . . . ." (Italics added.) He then made his intention clear: While explicitly agreeing that the second indictment did supersede the first, Judge Briseno nonetheless concluded, "I'm going to take a practical approach, and I'm simply going to dismiss the first indictment . . . and treat that dismissal under 1387." When the prosecutor asked "is *Berardi* not guiding the court in this case?" the court responded "not sufficiently."

As this colloquy makes clear, no one at the hearing was confused about the issue in dispute. The question was not whether section 1387 itself provided *a basis* for dismissing the first indictment, but instead which of the parties' competing justifications for the dismissal would be the one adopted by the court. The court stated explicitly that the issue before it was whether the dismissal everyone agreed to should be entered "*should be treated as a dismissal under 1387.*" To the extent the "pursuant to"

8

wording of the clerk's minute order suggests anything different, it does not control over the court's express oral pronouncement. "Any discrepancy between the minutes and the oral pronouncement of [the court] is presumed to be the result of clerical error." (*People v. Price* (2004) 120 Cal.App.4th 224, 242.)

The prosecutor next argues that, whatever Judge Briseno might have thought he was doing, his only *available option* under *Berardi* was to dismiss the first indictment as a duplicative pleading after the grand jury returned the second indictment. We are unpersuaded. In *Berardi*, the trial court had already denied the defendant's motion to dismiss the information under section 995, and had deferred ruling on his contention he had been denied a substantial right by the prosecutor's failure to disclose exculpatory evidence before his preliminary hearing, when the prosecutor moved to dismiss the information as duplicative after the grand jury returned an indictment. The trial court then granted the prosecutor's motion, "expressly confirming that the information was dismissed '[a]s a duplicate filing.'" (*Berardi, supra*, 160 Cal.App.4th at p. 220.)

The issue in *Berardi*, then, was whether the trial court's decision to dismiss the information as duplicative was itself a qualifying dismissal under section 1387. The appellate court ruled it was not. But because the trial court in *Berardi* based its dismissal order solely on the ground of duplication, the appellate court there had no occasion to consider whether the trial court might have been *obligated* to render such a ruling. Consequently, *Berardi* does not support the prosecutor's contention that Judge Briseno was obligated to do so in this case.

In fact, *Berardi's* discussion of the history and purpose of section 1387 actually undermines the prosecutor's contention: "'[U]ntil 1975, the interest in prosecuting felonies was considered so much greater that, while a one-dismissal rule applied to misdemeanors, felony charges could be refiled ad infinitum. [Citations.]' [Citation.] However, in 1975, section 1387 was amended to add the felony 'two

dismissal' limit. [Citations.] Felony prosecutions are now generally 'subject to a two-dismissal rule; two previous dismissals of charges for the same offense will bar a new felony charge.' [Citation.] [¶] 'Section 1387 implements a series of related public policies. *It curtails prosecutorial harassment by placing limits on the number of times charges may be refiled.* [Citations.] The statute also reduces the possibility that prosecutors might use the power to dismiss and refile to forum shop. [Citations.] Finally, the statute prevents the evasion of speedy trial rights through the repeated dismissal and refiling of the same charges. [Citations.]' [Citation.] '*The purpose of section 1387 is to prevent improper successive attempts to prosecute a defendant.*'" (*Berardi, supra,* 160 Cal.App.4th at pp. 218-219, italics added.)

If as the prosecutor here contends, the defendant's motion for dismissal under section 995 can be *automatically* trumped by the return of a second indictment, the prosecutor could simply ask the grand jury to return a superseding – albeit otherwise entirely duplicative – indictment every time the defendant files what appears to be a meritorious motion to dismiss the pending indictment. As long as the grand jury accedes to the prosecutor's request (and in this case it took less than a day to accomplish), the prosecutor could prevent the court from *ever* granting a qualifying motion to dismiss under section 1387. Such a scenario would completely undermine the purpose of the Legislature's 1975 amendment of the statute.

Here, we infer that Judge Briseno's real concern when he decided to grant Rodriguez's section 995 motion, rather than simply declare the first indictment to be duplicative as the prosecutor requested, was that the prosecutor's decision to seek a superseding indictment against Rodriguez following the grant of Solis's motion to dismiss under section 995 *and while Rodriguez's own similar motion was pending*, represented an improper effort to avoid operation of the two-dismissal rule of section 1387. That concern was an eminently reasonable one, and we cannot say Judge Briseno erred in ruling as he did.

10

*3. The Dismissal of the First Indictment was not "Excusable Neglect" Under Section 1387.1*

The prosecutor's final assertion is that Judge Briseno's dismissal order constituted excusable neglect under section 1387.1. That section provides that "[w]here an offense is a violent felony, as defined in Section 667.5 and the prosecution has had two prior dismissals, as defined in Section 1387, the people shall be permitted one additional opportunity to refile charges where either of the prior dismissals under Section 1387 were due solely to excusable neglect." The statute defines excusable neglect to include "error on the part of the court, prosecution, law enforcement agency, or witnesses." (§ 1387.1, subd. (b).)

As we have already explained, the prosecutor has failed to demonstrate Judge Briseno erred in his ruling, and thus there is no basis to conclude that dismissal was due to any neglect, excusable or otherwise. But even if we believed Judge Briseno's ruling had been erroneous, we would still conclude that no relief is available under that statute.

As the magistrate noted during the hearing on Rodriguez's motion to preclude further prosecution of the dismissed counts, an order dismissing all or part of an indictment – which is what Judge Briseno issued – is directly appealable. (§ 1238, subd. (a)(1); *People v. Alice* (2007) 41 Cal.4th 668, 680.) The right to pursue such an appeal is the remedy available to a party aggrieved by a court's legal error.

It would be inconsistent with the general treatment of appealable orders as final once the time for appeal has expired, if we were to allow the prosecutor to eschew that appellate remedy and first assert that an appealable order was legally erroneous months (or years) after the time for appeal has expired. As a consequence, we conclude

11

the magistrate got it right when he suggested that a *court's* "excusable neglect" under section 1387.1 must be limited to errors which are essentially clerical in nature, and would not include the sort of legal errors which are properly reviewable on direct appeal.

DISPOSITION

The order is affirmed.

RYLAARSDAM, ACTING P. J.

WE CONCUR:

BEDSWORTH, J.

ARONSON, J.

12

Filed 6/19/13

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Appellant, | G046899 |
| v. | (Super. Ct. No. 11NF3242) |
| MARK ANTHONY RODRIGUEZ, | O P I N I O N |
| Defendant and Respondent. | |

Appellant requested that our opinion filed on June 13, 2013, be certified for publication.  It appears that our opinion meets the standards set forth in California Rules of Court, rule 8.1105(c).  The request is GRANTED.  The opinion is ordered published in the Official Reports.

RYLAARSDAM, ACTING P. J.

WE CONCUR:

BEDSWORTH, J.

ARONSON, J.