Filed 7/30/14  P. v. Crothers CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>MATTHEW STEVEN CROTHERS et al.,<br><br>        Defendants and Respondents. | A139294<br><br>(Sonoma County<br> Super. Ct. No. SCR629730) |

The People appeal from the dismissal of a complaint against defendants Matthew Steven Crothers and Shawn Patrick Captain, charging them with the felony offenses of unlawfully planting, cultivating, harvesting, drying, and processing marijuana and unlawfully possessing marijuana for sale (Health & Saf. Code, § § 11358, 11359).  We conclude there are no statutory grounds for dismissing the complaint.  Accordingly, we reverse and remand the matter for further proceedings.

**FACTUAL AND PROCEDURAL BACKGROUND**[1]

On January 30, 2013,[2] a complaint was filed against defendants Matthew Steven Crothers and Shawn Patrick Captain alleging that on or about August 4, 2012, they had committed the felony offenses of unlawfully planting, cultivating, harvesting, drying, and processing marijuana and unlawfully possessing marijuana for sale (Health & Saf. Code, §§ 11358, 11359).  On February 11, defendants waived time for their preliminary hearing

---

[1]     We set forth only those facts that are necessary to resolve the appeal.

[2]     All further unspecified date references are to events that occurred in 2013.

and later renewed their waivers on March 7 and again on May 13. On the latter date, defendants signed waivers of their personal appearances, and a preliminary hearing was scheduled for July 15.

At the morning session of the July 15 proceeding, the prosecutor made an oral motion seeking a continuance on the ground she was not ready to proceed at that time having just received that morning a supplemental report from a police officer. After argument, the magistrate denied the motion as the prosecutor failed to show good cause for the continuance over defense counsel's objection. The magistrate further stated that absent an agreement to continue by all parties, the preliminary hearing would be conducted in the afternoon session. Thereafter, at the afternoon session, the prosecutor again announced the People were not prepared to proceed to a preliminary hearing. The magistrate stated she would "be dismissing the case" because there was no good cause for the prosecutor's failure to proceed. The prosecutor objected, stating that dismissal was not an appropriate remedy and was not being requested by the People because both defendants were out of custody and had waived the statutory time limits for a preliminary hearing (Pen. Code, § 859b[3]). Instead, the prosecutor asked the magistrate to reset the preliminary hearing to a date within the statutory time limits in section 859b. The magistrate denied the request, ruling that there was no good cause shown for the prosecutor's failure to proceed and therefore the appropriate remedy was dismissal.

The trial court's minute orders of July 15, are consistent with the magistrate's rulings. They reflect that during the morning session, the magistrate denied the People's section 1050 motion as "court does not find good cause," and the case was passed to 1:30

---

[3] All further unspecified statutory references are to the Penal Code. Section 859b provides, in pertinent part, that "[b]oth the defendant and the people have the right to a preliminary examination at the earliest possible time, and unless both waive that right or good cause for a continuance is found as provided for in Section 1050, the preliminary examination shall be held within 10 court days of the date the defendant is arraigned . . . . [¶] . . . [¶] The magistrate shall dismiss the complaint if the preliminary examination is set or continued more than 60 days from the date of the arraignment . . . unless the defendant personally waives his or her right to a preliminary examination within the 60 days."

p.m.  The minute orders further state that during the afternoon session, after legal discussions, "[t]the Court rules; the case is dismissed against all defendants.  Preliminary Hearing Vacated," and "[t]he Court does not find good cause to continue."  The People timely appeal from the orders of dismissal.  (§ 1238, subds. (a)(1), (8) [allowing People's appeals from orders setting aside a complaint and dismissing action]; see *People v. Rodriguez* (2013) 217 Cal.App.4th 326, 332.)

**DISCUSSION**

The parties agree, and we concur, that the magistrate's orders of dismissals were not authorized by the statutory provisions governing continuances in a criminal proceeding (§§ 1050, 1050.5).  Section 1050 allows a magistrate to grant a continuance on a showing of good cause.  However, that section " 'contains no provision for the dismissal of a case' " in the event of noncompliance with its procedural requirements.  (*People v. Henderson* (2004) 115 Cal.App.4th 922, 934-935 (*Henderson*).)  Section 1050.5, subdivision (b), which lists sanctions for failing to comply with the procedural requirements for a continuance, also does not allow for dismissal of the case.  To the contrary, that section specifically provides that "[t]he authority to impose sanctions provided for by this section shall be in addition to any other authority or power available to the court, *except that the* court or *magistrate shall not dismiss the case*."  (§ 1050.5, subd. (b); italics added.)

Nor may we affirm the orders, as defendants urge, on the ground that the record supports a finding that the magistrate properly exercised her discretionary authority under section 1385 to dismiss the action.  Section 1385, which permits a magistrate on his or her own motion to dismiss an action in the furtherance of justice, "anticipates, and facilitates, appellate review with the requirement that '[t]he reasons for the dismissal must be set forth in an order entered upon the minutes.'  (§ 1385(a).)  'The statement of reasons is not merely directory, and neither trial nor appellate courts have the authority to disregard the requirement.  It is not enough that on review the reporter's transcript may show the trial court's motivation; the *minutes* must reflect the reason "so that all may know why this great power was exercised." ' "  (*People v. Superior Court (Romero)*

3

(1996) 13 Cal.4th 497, 531.) "[T]he purpose of the requirement [of a statement of reasons] is to allow review of the trial court's reasons for ordering dismissal. '[W]e are dealing not with a pure question of law but with the exercise of a trial court's discretion. It would be incongruous for an appellate court, reviewing such order, to rely on reasons not cited by the trial court. Otherwise, we might uphold a discretionary order on grounds never considered by, or, worse yet, rejected by the trial court. And, if the appellate court is free to scour the record for other reasons to support the dismissal, or accept reasons suggested by the defendant, there was no reason for the Legislature to require that the lower court record the basis for the dismissal in the first instance.' " (*People v. Bonnetta* (2009) 46 Cal.4th 143, 151-152 (*Bonnetta*), quoting *People v. Bracey* (1994) 21 Cal.App.4th 1532, 1542.)[4] Here, the minute orders state only that the magistrate did not find good cause to grant the prosecutor's motions to continue. The failure to recite the reasons for the dismissals, as required by section 1385, rendered the minute orders "invalid and of no effect," regardless of defendants' arguments that reasons for such dismissals "can be discerned from" the reporter's transcript of the July 15 hearing. (*Bonnetta*, *supra*, at p. 149.)

In sum, as there are no statutory grounds supporting the orders of dismissal in favor of defendants Matthew Steven Crothers and Shawn Patrick Captain, we reverse and "remand the case to allow the magistrate to reinstate the complaint [against those defendants] and reschedule the preliminary hearing." (*Henderson, supra*, 115 Cal.App.4th at p. 943.) The magistrate "may, but need not, revisit" the issue of dismissal and "consider if a dismissal should be ordered for some new or different reason." (*Bonnetta, supra*, 46 Cal.4th at p. 153.)

---

[4]     Defendants' reliance on *People v. Torres* (1984) 159 Cal.App.3d Supp. 8, is misplaced as in that case the trial judge issued extensive minute orders detailing his reasons for dismissing two cases (*id*. at p. 11).

4

**DISPOSITION**

The orders of dismissal are reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion.

_____
Jenkins, J.

We concur:

_____
Pollak, Acting P. J.

_____
Siggins, J.