Filed 10/21/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>ANGEL SANCHEZ,<br><br>        Defendant and Respondent. | A153473<br><br>(City & County of San Francisco<br>Super. Ct. No. MCN17010380) |

Defendant and appellant Angel Sanchez was charged with robbery, assault with a deadly weapon on a transit passenger, and receiving stolen property. He successfully moved to dismiss the complaint for prosecutorial vindictiveness. The People moved to reinstate the complaint under Penal Code section 871.5. The superior court denied reinstatement because the magistrate's dismissal was not grounded on one of the statutes enumerated in Penal Code section 871.5. We affirm.

## BACKGROUND

In January 2016, Sanchez was charged with robbery (Pen. Code, § 211)[1], assault with a deadly weapon on a transit passenger (§ 245.2), and receiving stolen property (§ 496, subd. (a)) for acts against victim R.D. alleged to have occurred on a Muni bus on January 26, 2016. The People dismissed the complaint due to victim unavailability.

In July 2016, Sanchez was charged with another robbery (§ 211), assault with force likely to cause great bodily injury (§ 245, subd. (a)(4)), and vandalism (§ 594, subd. (b)(1)) for acts against a different victim on a city street alleged to have occurred on July 20, 2016. He rejected all plea offers and proceeded to trial on the July charges. In

---

[1] All statutory references are to the Penal Code unless otherwise stated.

preparation for jury trial, the prosecutor sought to locate R.D. from the January crime to testify as a witness under Evidence Code section 1101, subdivision (b) (uncharged acts). After several attempts, R.D. was eventually served with a subpoena to appear, and he testified at trial. The jury found Sanchez guilty of misdemeanor assault (§ 240) and felony vandalism (§594, subd. (b)(1)). The jury hung on the robbery count, and the trial court deferred sentencing until the prosecution decided whether it would retry the charge.

In July 2017, approximately a week before sentencing, the prosecution re-filed the previously dismissed case against Sanchez alleged in the January 2016 complaint. The prosecution informed the trial court that it would dismiss the robbery count but proceed on the re-filed January 2016 case. Sanchez was sentenced for the assault and felony vandalism.[2]

In August 2017, before the preliminary hearing, Sanchez moved to dismiss the re-filed complaint based upon the January 2016 incident for vindictive prosecution in violation of his constitutional right to due process. The magistrate judge found a presumption of vindictiveness and granted the motion. He explained the reasons for dismissal in a 19-page opinion which referenced no statutory grounds for the disposition. However, the court's minutes stated the case was dismissed "PURSUANT TO PENAL CODE 1385 FOR REASONS STATED ON THE RECORD."

The People moved to reinstate the re-filed complaint pursuant to section 871.5. The superior court denied the motion. The People appeal.

### DISCUSSION

### A. Section 871.5

The People argue the superior court erred when it concluded the magistrate's dismissal could not be reinstated under section 871.5.

"When an action is dismissed by a magistrate pursuant to Section 859b, 861, 871, 1008, 1381, 1381.5, 1385, 1387, or 1389 of this code or Section 41403 of the Vehicle

---

[2] In *People v. Sanchez* (Feb. 28, 2019, A152088) [non-pub. opn.], this court affirmed the trial court's refusal to reduce his felony vandalism conviction to a misdemeanor.

2

Code, the prosecutor may make a motion in the superior court within 15 days to compel the magistrate to reinstate the complaint or a portion thereof." (§ 871.5, subd. (a).) The statute allows the prosecution to seek review of the magistrate's dismissal in the superior court and request reinstatement of the charges "under the same terms and conditions as when the defendant last appeared before the magistrate." (*Ibid.*)

The superior court denied the prosecution's motion to reinstate the complaint against Sanchez. The superior court considered the motion improper because the dismissal was for vindictive prosecution and not based on any of the statutes enumerated in section 871.5. The superior court concluded the magistrate dismissed the complaint pursuant to *Twiggs v. Superior Court* (1983) 34 Cal.3d 360 (*Twiggs*) and *In re Bower* (1985) 38 Cal.3d 865 (*Bower*), neither of which reference the statutes enumerated in section 871.5. As we will explain, review of a magistrate's decision is strictly limited to orders based upon the statutes specified in section 871.5. Since the magistrate dismissed the re-filed complaint against Sanchez on constitutional grounds not listed in section 871.5, the superior court did not err when it denied the motion to reinstate.

In *People v. Hanley* (1992) 4 Cal.App.4th 340 (*Hanley*) disapproved on other grounds in *People v. Williams* (2005) 35 Cal.4th 817 (*Williams*), the defendant was charged with violations of Vehicle Code section 23152 for driving under the influence. (*Id.* at p. 342.) The complaint further alleged three prior convictions which made the pending offense punishable as a felony or misdemeanor. (*Ibid.*) Hanley moved to strike one of the prior convictions under Vehicle Code section 41403, which permitted a defendant to bring a constitutional challenge to a conviction under Vehicle Code section 23152. (*Id.* at p. 343.) The magistrate granted Hanley's motion to strike and, with only two prior convictions remaining, determined the charges were misdemeanors as a matter of law and transferred the cause to the municipal court. (*Id.* at pp. 342, 345.) The People unsuccessfully moved for reinstatement under section 871.5 and appealed. (*Id.* at p. 342.)

The appeal was dismissed. (*Hanley*, *supra*, 4 Cal.App.4th at p. 342.) The *Hanley* court explained that the plain language of section 871.5 "evidences an intent to permit superior court review of dismissal orders by magistrates when a complaint has been

dismissed pursuant to specifically enumerated statutory authority." (*Id.* at p. 345.)  The court held the prosecution was not entitled to review under section 871.5 because the magistrate had not acted pursuant to any of its specified statutes.  (*Ibid.*)  Since the prior conviction was dismissed pursuant to Vehicle Code section 41403, and it was not one of the statutes then listed in section 871.5[3], the superior court lacked jurisdiction to reinstate the complaint.  (*Ibid.*)  The court rejected the People's argument that the magistrate's dismissal was actually pursuant to section 1385, one of the enumerated statutes.[4]  (*Id.* at p. 343-344.)  The court noted that the defendant moved for dismissal on constitutional grounds and specifically identified the proceeding as a "Vehicle Code motion."  (*Ibid.*)  The court "ha[d] no doubt that this was a motion pursuant to Vehicle Code section 41403, and that the magistrate, following the procedures set forth therein, dismissed the . . . conviction pursuant to that statute."  (*Id.* at p. 344.)

The Supreme Court adopted a similarly narrow construction of section 871.5 in *Williams*, *supra*, 35 Cal.4th 817, in which it observed that "[c]ourts have resisted prosecutors' efforts to expand the reach of section 871.5 beyond its terms."  (*Id.* at p. 825.)  In *Williams*, after the preliminary hearing, a magistrate had reduced two charged felonies to misdemeanors pursuant to section 17, subdivision (b)(5).  (*Id.* at p. 820.)  The People moved to reinstate the felony complaint pursuant to section 871.5, and the motion was denied.  (*Id.* at p. 822.)  The trial court reasoned that the magistrate's reduction of the felonies to misdemeanors could not be construed as a dismissal of the felony complaint,

---

[3] At the conclusion of its opinion, the *Hanley* court stated: "We therefore defer to the Legislature to determine whether, in the future, a magistrate's order striking a prior under Vehicle Code section 41403 should be included within the scope of section 871.5." (*Hanley*, *supra*, 4 Cal.App.4th 340, 347.)  In 1993, the Legislature amended section 871.5 to add Vehicle Code section 41403 to the list of dismissal orders that could be reviewed pursuant to section 871.5.  (Stats.1993, ch. 542, § 1, p. 2743; see *Williams*, *supra*, 35 Cal.4th at pp. 827-828.)

[4] Section 1385, subdivision (a) provides: "The judge or magistrate may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed."

so it lacked the authority to consider the motion. (*Ibid.*) The Supreme Court agreed that section 871.5 did not provide the People a vehicle to seek reinstatement of a felony complaint that had been reduced under section 17, subdivision (b)(5). (*Id.* at p. 824.) The Court explained section 871.5 was not a vehicle for reviewing all dismissals by magistrates and cited *Hanley* for the point that " '[t]he plain language of 871.5 evidences an intent to permit superior court review of dismissal orders by magistrates when a complaint has been dismissed pursuant to specifically enumerated statutory authority'[.] [Citations.]" (*Id.* at p. 827.) The *Williams* court concluded, "The list of dismissal orders that may be reviewed pursuant to section 871.5 does not include an order under section 17(b)(5) that a wobbler offense that was charged as a felony is a misdemeanor, and we decline to add it." (*Id.* at p. 828.)

We reach the same conclusion here as in *Hanley* and *Williams*, the latter of which we are bound to follow. Sanchez moved for dismissal on constitutional grounds. The basis for his motion was stated as "state retaliation for Sanchez's rejection of a plea bargain and his successful exercise of his right to a jury trial, violating Due Process (5th Amend. US Const; art 1, §§ 7, 15)." He never cited section 1385 or any other statutory basis for relief. Even the prosecution's opposition, captioned "People's Response and Opposition to Defendant's *Non-Statutory* Motion to Dismiss," reflects an understanding that Sanchez's motion was not based on any statute. (Italics added.) Nor was the magistrate's dismissal based on statutory grounds. The magistrate's 19-page written order cited no statute as grounds for dismissal. Rather, the magistrate relied on *Twiggs*, *supra*, 34 Cal.3d 360, and *Bower*, *supra*, 38 Cal.3d 865, neither of which were decided under section 1385, as the superior court correctly observed. Also, when announcing the decision, the magistrate referred to the written opinion, read aloud its conclusion, and made no reference to any statutory basis for the decision. We have no doubt that Sanchez's motion to dismiss for vindictive prosecution was made and decided as a matter of constitutional due process. Such a dismissal is not one of the enumerated orders that may be reviewed pursuant to section 871.5, and we cannot add it.

5

The People remind us the minute order reflecting the magistrate's dismissal states the case was dismissed " 'pursuant to Penal Code 1385 for reasons stated on the record.' " This does not change the result. Entering the order in the minutes is a purely clerical function. (*People v. Mesa* (1975) 14 Cal.3d 466, 471.) Where there is a discrepancy between the court's oral pronouncement and the entry in the minutes, we presume the discrepancy results from clerical error in recording the court's order. (*Ibid.*; cf. *In re Jerred H.* (2004) 121 Cal.App.4th 793, 798, fn.3 [entry of minute order signed by a judge is not a ministerial act].) The magistrate's oral pronouncement referred to the 19-page opinion, and neither the pronouncement or the opinion referred to section 1385. Both control over the minutes. (See *People v. Rodriguez* (2013) 217 Cal.App.4th 326, 333-334.) The People contend the conflicting record must be harmonized. Where a lengthy written opinion signed by the magistrate clearly sets forth the grounds for the magistrate's dismissal, we need not do so.

The People argue that a magistrate's dismissal on constitutional grounds is "necessarily a statutory dismissal" because " '[a] magistrate's powers at a felony preliminary hearing are purely statutory.' " The People further contend that because "the powers of magistrates are limited by statutes, courts have construed dismissals on constitutional grounds to be statutory dismissals pursuant to section 1385." Neither do these contentions persuade us.

While magistrates are undoubtedly "creature[s] of statute" (*People v. Shrier* (2010) 190 Cal.App.4th 400, 419; see §§ 807, 808), we reject the suggestion that magistral authority is limited to acts expressly conferred by statute or that must be construed as statutory. *In re Geer* (1980) 108 Cal.App.3d 1002 (*Geer*) illustrates the point. There, Geer was charged with possession of cocaine after he had been previously convicted of misdemeanor marijuana possession stemming from the same arrest. (*Id.* at p. 1004.) He demurred to the felony complaint on the ground that he was being subjected to multiple prosecutions. The magistrate decided it had no jurisdiction to hear the demurrer and transferred the matter to the superior court. (*Ibid.*) The court of appeal observed that the Legislature "ha[d] not expressly stated who shall hear and rule on the

6

demurrer." (*Id.* at p. 1007.) Nonetheless, the court explained, "Statutory interpretation, judicial precedent, traditional concepts of due process and fair play, and judicial economy compel our conclusion that the magistrate, who has the power to entertain a felony complaint, arraign a defendant thereon, appoint counsel if necessary, take defendant's plea, hold a preliminary hearing and either hold him to answer or discharge defendant (Cal. Const., art. I, § 14; Pen. Code, § 859 et seq.), is also empowered as an integral part of that preliminary process to hear and rule on a demurrer to a felony complaint and, if the demurrer is sustained and the defect cannot be corrected, has the inherent power to dismiss the complaint." (*Ibid.*) The statutory framework for the handling of felony complaints convinced the court "that it was not the intent of the Legislature that a defendant have the right of demurrer as early as the arraignment but not the right to have it heard and decided by the magistrate." (*Ibid.*) Even without express statutory authorization, the court recognized the magistrate's authority to rule on a demurrer and to dismiss the complaint if the defect cannot be cured. *Geer* undermines the People's argument that a magistrate's powers are "purely statutory."

We also reject the People's argument that the magistrate's dismissal was necessarily statutory pursuant to section 1385. Section 1385, subdivision (a) provides: "The judge or magistrate may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed." Section 1385 permits the court, the magistrate, or the People to move for dismissal but makes no provision for a defendant to bring such a motion. Since the motion to dismiss here was made by Sanchez, it cannot be deemed a section 1385 motion. (See *People v. Andrade* (1978) 86 Cal.App.3d 963, 973 ["The Legislature limited the right to initiate the use of the authority of section 1385 to the People and to the court. Granting a defendant's motion cannot be properly characterized as a dismissal of charges in furtherance of justice as authorized by Penal Code section 1385."].)

The cases the People rely on for the proposition that magistrate dismissals on constitutional grounds are to be construed as statutory dismissals pursuant to section 1385 are unavailing.

In *People v. Shrier*, *supra*, 190 Cal.App.4th 400, the magistrate dismissed an action due to prosecutorial misconduct, and the superior court denied the People's section 871.5 motion to reinstate the complaint. (*Id.* at p. 405.) The defendant argued the dismissal could not be reinstated because the basis for the dismissal was not listed in section 871.5. (*Ibid.*) The court concluded the motion for dismissal was predicated upon specific case law premised on section 1385, one of the statutes listed in section 871.5. (*Id.* at pp. 410-411.) Here, however, the magistrate issued a detailed order dismissing the case based on authorities not reliant on section 1385.

In *People v. Konow* (2004) 32 Cal.4th 995 (*Konow*), the magistrate dismissed a complaint charging the defendants with the sale of marijuana. (*Id.* at p. 1006.) The People successfully moved to reinstate the complaint under section 871.5. (*Id.* at p. 1007.) Both the People and the defendants took the position that the magistrate "had dismissed the complaint both for the absence of a crime or of probable cause under section 871, and also in furtherance of justice under section 1385." (*Id.* at pp. 1007-1008.) The parties did not dispute the statutory grounds for the magistrate's dismissal and both statutes were expressly subject to 871.5 review. Whether the magistrate's dismissal was proper under section 871.5 was never an issue before the Court. *Konow* is not authority for a proposition the court did not consider or questions it did not decide. (See *People v. Braxton* (2004) 34 Cal.4th 798, 819 (*Braxton*).)

In *Chism v. Superior Court* (1981) 123 Cal.App.3d 1053, the sole issue the court considered was whether the superior court exceeded its authority under section 871.5 when, after granting reinstatement, it proceeded to rule on the issue of probable cause rather than returning the case to the magistrate. (*Id.* at p. 1056.) The court did not consider whether section 871.5 relief was available and instead presumed the magistrate's dismissal on Fifth and Sixth Amendment grounds was pursuant to section 1385, an issue that was not disputed. (*Id.* at pp. 1061-1062.) *Chism* is not authority for the issue before us. (See *Braxton*, *supra*, 34 Cal.4th at p. 819)

Since we conclude the superior court did not err when it denied reinstatement, it is unnecessary for us to review the merits of the dismissal for vindictive prosecution.

8

**B. Appellate Review of Magistrate Dismissals on Grounds Not in Section 871.5**

The People contend that "because it is not clear whether the People can appeal directly to the Court of Appeal from a magistrate's ruling [citations], clarification by this court of the limits of the magistrate's power is necessary. Without clarification, the People are required to protect their appellate rights by filing section 871.5 motions even where a magistrate dismisses on constitutional grounds, and if the superior court fails to address the merits, required to seek further review in the appellate courts. In order to avoid unnecessary litigation in the courts of appeal, this court should make clear that dismissals like the one issued by the magistrate in this case must be pursuant to section 1385." As explained above, the magistrate dismissed Sanchez's case pursuant to constitutional due process grounds, not section 1385. In this appeal, we decide that a dismissal on such constitutional grounds cannot be reviewed under section 871.5 because it is not a statutory ground within the scope of the statute. Since the People have not directly appealed the magistrate's dismissal, the issue of appellate review of the magistrate's dismissal on grounds not listed in section 871.5 is not properly before us and we render no opinion on that issue. (See *People v. Slayton* (2001) 26 Cal.4th 1076, 1084 [As a general rule, reviewing courts do not " 'adjudicate hypothetical claims or render purely advisory opinions' " in the absence of an adequate factual record.].)[5]

### DISPOSITION

The judgment of dismissal is affirmed.

---

[5] Setting aside the parties' dispute as to whether the People can appeal directly to the Court of Appeal from a magistrate's dismissal on grounds outside of section 871.5, which we do not address, we do note a section 871.5 motion to reinstate the charges was not the prosecutor's only recourse after the magistrate's dismissal. As the People recognize, a magistrate's ruling can be challenged by a petition for an extraordinary writ in appropriate cases. (See *People v. Superior Court* (*Chico etc. Health Center*) (1986) 187 Cal.App.3d 648.)

_____

Siggins, P. J.

WE CONCUR:


_____

Petrou, J.


_____

Wick, J.[*]


*People v. Sanchez*, A153473

---

[*] Judge of the Superior Court of Sonoma County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Trial Court:                           San Francisco City & County Superior
                                       Court


Trial Judge:                           Honorable Garrett L. Wong

Counsel:

Xavier Becerra, Attorney General, Gerald A. Engler, Chief Assistant Attorney General,
Jeffrey M. Laurence, Senior Assistant Attorney General, Laurence K. Sullivan,
Supervising Deputy Attorney General, Bridget Billeter, Deputy Attorney General, for
Appellant.

Jeff Adachi, Public Defender, Matt Gonzalez, Chief Attorney, Dorothy Bischoff, Deputy
Public Defender, for Respondent.