Filed 11/28/23

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Appellant, | E079183 |
| v. | (Super. Ct. No. BAF2200472) |
| BRIAN LIONEL TURNER, JR., | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of Riverside County. Jorge C. Hernandez, Judge. Reversed.

Michael A. Hestrin, District Attorney, and Jesse Male, Deputy District Attorney, for Plaintiff and Appellant.

Martin Kassman, under appointment by the Court of Appeal, for Defendant and Respondent.

I.

INTRODUCTION

If a charge for a violent felony has been dismissed twice, Penal Code section

1387.1[1] authorizes prosecutors to refile the charge for a third time so long as one of the dismissals was "due solely to excusable neglect . . . on the part of the court, prosecution, law enforcement agency, or witnesses," and the prosecution did not act in bad faith.

The trial court here dismissed a violent felony charge filed against defendant and respondent Brian Turner for the third time, finding that the two prior dismissals did not result from any excusable neglect. The Riverside County District Attorney appeals. Because the first dismissal was due to the trial court's excusable neglect, we reverse.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

In April 2019, the District Attorney charged defendant with, among other offenses, driving under the influence (Veh. Code, § 23153, subd. (f)) with an allegation that he caused the victim great bodily injury (§ 12022.7), which is a violent felony (§ 667.5, subd. (c)(8)). The deadline to hold a preliminary hearing under section 859b fell on April 3, 2020, during the early days of the COVID-19 pandemic when the Riverside Superior Court was closed and the Chief Justice had issued various orders permitting certain continuances.[2] When that day came, however, the trial court sua sponte and without the

---

[1] Unless otherwise indicated, all further statutory references are to the Penal Code.

[2] See Superior Court of California, County of Riverside, Administrative Order.: 2020-10, available at https://www.riverside.courts.ca.gov/PublicNotices/CourtOrders/Order-Concerning-Temporary-Courthouse-Closures-04-02-2020.pdf; *The People v. Superior Court; Jose Tapia* (2023) 93 Cal.App.5th 394.

parties present continued a felony settlement conference to May 5, 2020. Because the preliminary hearing deadline was not met, the trial court granted defendant's section 995 motion to dismiss the case for violating his right under section 859b to a preliminary hearing within 60 days of arraignment.

The court noted, however, that the preliminary hearing was not timely held because of the disruption caused by the COVID-19 pandemic. As the court put it, "I think everybody was trying to figure out what the hell to do, and I think we got it wrong. I think that when the Court continued these cases without explicitly securing time waivers from the defendant on those two very limited times that the defendant was in court, our failure to do so and People's failure to do so." The court continued: "What no one paid any attention to was what about those defendants that are in custody who gave a limited time waiver, what about them? And nobody really dealt with that issue. I don't know whether people, you know, just forgot about those folks. I don't know that we ever had a conversation with those. And then it was oops, I think, you know, maybe we need to put those defendants on calendar." The trial court then candidly acknowledged that "a lot of folks fell through the cracks," including defendant, because "[w]e didn't know what the hell we were doing, period. And we're still trying to figure that out." The court concluded by "tak[ing] the blame" because the court repeatedly continued defendant's case without him present, "thinking we had the authority to do so."

The District Attorney did not appeal the dismissal, but instead refiled the same charges against defendant. The trial court timely held a preliminary hearing, and

3

defendant was held to answer on some charges, including the count for driving under the influence with a great bodily injury allegation.

About two months later, the trial court granted defendant's motion to traverse the search warrant. Five days later, the prosecutor told the trial court: "As to [defendant's] case . . . given the prior rulings and what has occurred, the People are going to dismiss that case -- are going to move to dismiss that case. And we're going to ask to refile the case pursuant to . . . [s]ection 1387.1, which gives us a second chance at a dismissal based on excusable neglect." The trial court granted the prosecution's motion to dismiss the case, and the District Attorney refiled the same charges against defendant later that day.

Defendant later moved to dismiss the case under section 1387, which bars further prosecution of a felony offense after it has been terminated twice for certain reasons outlined in the statute. The District Attorney opposed the motion, arguing that section 1387.1 authorized a third refiling of the charges against defendant because the first dismissal was caused by the prosecution and the trial court's excusable neglect stemming from the onset of the COVID-19 pandemic.

In his reply, defendant argued that *People v. Rodriguez* (2013) 217 Cal.App.4th 326 (*Rodriguez*) "specifically rejected the prosecution's argument." According to defendant, *Rodriguez* held that errors that constitute "excusable neglect under [section] 1387. 1 are limited to errors which are clerical and do not include legal errors which can

4

be reviewed on appeal." Defendant thus argued at the hearing on his motion to dismiss that *Rodriguez* was "determinative" and concerned "the exact same thing."

The trial court ruled that the third filing of charges against defendant was unauthorized under section 1387.1. The court found that the first dismissal was required because defendant's "absolute right to go to preliminary hearing in a timely fashion" was violated, and "and the remedy for a violation of that absolute right is a dismissal." In other words, the trial court found that because the dismissal was legally mandated, it did not matter whether the 60-day deadline in section 859b was missed because of the court or prosecutor's excusable neglect.

The court also noted that the District Attorney did not challenge or appeal the dismissal, and never suggested that the failure to timely bring defendant to a preliminary hearing was excusable because of the "chaos caused by the pandemic." Following *Rodriguez*, *supra*, 217 Cal.App.4th 326 as "right on point," the trial court ruled that the District Attorney could not "go back in time" and challenge the first dismissal by arguing for the first time that defendant was not timely brought to a preliminary hearing because of excusable neglect since the District Attorney did not appeal that dismissal. The trial court explained that, if the first dismissal was wrong, then the prosecution should have appealed the decision and argued that the court "got it wrong." But because the decision was not appealed, the court did not "know how [it] could now revisit that and try to say that it was due to excusable neglect."

5

The trial court therefore granted defendant's motion to dismiss under section 1387. The District Attorney timely appealed.

III.

DISCUSSION

The only issue we must decide is whether the trial court properly found that the first dismissal of the charges against defendant was not "due solely to excusable neglect" of the court and the District Attorney.[3] We conclude the trial court erred.

Section 1387.1 was expressly enacted in response to *People v. Mackey* (1985) 176 Cal.App.3d 177 (*Mackey*). (See Senate Committee on Judiciary, Analysis of S.B. 709, p. 106.) There, the defendant was charged with murder, but the case was dismissed because the prosecutor "failed to comply with a discovery order by not disclosing the statement of the principal witness and the questionable circumstances under which it was obtained." (*Mackey*, *supra*, at p. 181.) The prosecutor refiled the charges, but the case was again dismissed because the preliminary hearing was held past the 60-day period set forth in section 859b. (*Mackey*, *supra*, at p. 181.) The hearing was not timely held because the prosecutor "inexplicably stated that the 60-day limit [in section 859b] referred to the time for trial in the superior court," and the magistrate thought the prosecutor was right. (*Mackey*, *supra*, at p. 182.) The magistrate therefore set and held the preliminary hearing

---

[3] We note that, as to the first dismissal, defendant does not suggest the District Attorney acted in bad faith. (See § 1387.1, subd. (a).) We also note that the People do not contend the second dismissal, which occurred because the prosecutor requested a dismissal, was due to excusable neglect.

6

for a date beyond the 60-day deadline, which led the superior court to later dismiss the case. (*Ibid.*)

The prosecutor refiled the charges again, but the trial court dismissed them under section 1387, which generally provides that dismissed felony charges may only be refiled once. (§ 1387, subd. (a).) The *Mackey* court affirmed, holding that section 1387 barred the third filing of charges against the defendant. (*Mackey*, *supra*, 176 Cal.App.3d at p. 187.)

The author of the bill that enacted section 1387.1 explained that the statute was intended "to ensure that suspects do not go free due to clerical or minor procedural error." (Leg. History, p. 233.) According to the author, "the results of the district attorney's mistakes in the *Mackey* case should not result in the release of a suspected murderer" because "in the case of a serious felony, the price society must pay for procedural error is too high." (Leg. History, p. 341; see also *People v. Henderson* (2020) 46 Cal.App.5th 533, 542-543.)

Section 1387.1, therefore, permits prosecutors to file violent felony charges against a defendant for a third and final time if the charges had been dismissed "'due solely to the excusable neglect'" of "'the court, prosecution, law enforcement agency, or witnesses.'" "'Excusable neglect'" is "''neglect that might have been the act or omission of a reasonably prudent person under the same or similar circumstances.'''" (*People v. Massey* (2000) 79 Cal.App.4th 204, 211.) Examples of excusable neglect under section 1387.1 include a prosecutor failing to file a "technically correct affidavit" stating that a

7

witness was unavailable (*Tapp v. Superior Court* (1989) 216 Cal.App.3d 1030), and prosecutors being unable to locate or produce a witness despite reasonable efforts (*People v. Mason* (2006) 140 Cal.App.4th 1190, 1196; *People v. Villanueva* (2011) 196 Cal.App.4th 411, 425; *People v. Massey*, *supra*, at pp. 208-209; *Miller v. Superior Court*, (2002)101 Cal.App.4th 728, 741.)

We review the trial court's excusable neglect finding under section 1387.1 for an abuse of discretion. (*Miller v. Superior Court*, *supra*, 101 Cal.App.4th at p. 741.) But because section 1387.1 is a remedial statute, we review a trial court's decision denying relief more carefully than an order granting relief. (*People v. Massey*, *supra*, 79 Cal.App.4th at p. 211.) As a result, the policy favoring trial on the merits must prevail unless there is clear *inexcusable* neglect. (*Ibid*.)

Despite arguing below that *Rodriguez*, *supra*, 217 Cal.App.4th 326, controls here, defendant abandoned the argument on appeal.

In *Rodriguez*, the defendant was charged with murder (a violent felony), and other charges. (*Rodriguez*, *supra*, 217 Cal.App.4th at p. 329.) He moved to dismiss the charges on the grounds he had been illegally committed without probable cause, and the prosecutor had withheld exculpatory evidence from the grand jury and had committed misconduct before it. (*Ibid*.) On the date of the hearing on the defendant's motion, the prosecutor moved to deny the motion as moot because of a new, superseding indictment. (*Id*. at p. 330.) At a subsequent hearing, the trial court dismissed the first indictment and

"treat[ed] that dismissal under [section] 1387." (*Ibid.*) The court urged the prosecution to appeal the decision, but they did not do so. (*Ibid.*)

The prosecution refiled the same charges against the defendant, but the trial court dismissed the murder count (and another count) under section 995. (*Rodriguez, supra*, 217 Cal.App.4th at p. 331.) Again, the prosecution did not appeal the dismissal.

Instead, the prosecution refiled the charges for a third time. (*Rodriguez, supra*, 217 Cal.App.4th at p. 404.) The trial court, however, found that the charges were barred under section 1387 and were not permissible under section 1387.1, because the first dismissal was not caused by the court's excusable neglect, as the prosecutor asserted. (*Rodriguez, supra*, at p. 405.) The trial court explained that, in its view, "excusable neglect" is "restricted to essentially clerical errors, rather than substantive legal rulings." (*Ibid.*)

The *Rodriguez* court affirmed. (*Rodriguez, supra*, 217 Cal.App.4th at p. 328.) The appellate court rejected the prosecutor's main argument that the first dismissal did not qualify as a dismissal for purposes of section 1387's "two-dismissal rule." (*Rodriguez, supra*, at p. 335.) The court concluded that the dismissal so qualified "because it arose out of [the defendant's] motion to dismiss pursuant to section 995—one of the specified bases for a qualifying termination under section 1387." (*Rodriguez, supra*, at p. 329.) As a result, the dismissal was correct, not "due to any neglect, excusable or otherwise." (*Id*. at p. 335.)

9

In dicta, the *Rodriguez* court explained that even if the dismissal was erroneous, the appropriate remedy was appealing it, not challenging it long after the deadline to appeal has expired. (*Rodriguez*, *supra*, 217 Cal.App.4th at p. 335.) In that court's view, "[i]t would be inconsistent with the general treatment of appealable orders as final once the time for appeal has expired if we were to allow the prosecutor to eschew that appellate remedy and first assert that an appealable order was legally erroneous months (or years) after the time for appeal has expired." (*Id*. at p. 336.) Without any further analysis, the *Rodriguez* court then held that "a *court's* 'excusable neglect' under section 1387.1 must be limited to errors which are essentially clerical in nature, and would not include the sort of legal errors which are properly reviewable on direct appeal." (*Ibid*.)

We reject this dicta from *Rodriguez*, which the trial court erroneously relied on. Section 1387.1's intent is "to ensure that suspects do not go free due to clerical *or minor procedural error*." (Leg. History, p. 233.) The Legislature expressly found that the errors in *Mackey*—the prosecutor *and the magistrate* not understanding section 859b's 60-day deadline and the prosecutor not disclosing a witness before the preliminary examination—should not result in a violent offender escaping prosecution. These errors were not "essentially clerical," but were "minor procedural errors" that the Legislature found should be excused. *Rodriguez*'s conclusion that section 1387.1's "excusable neglect" standard covers only a court's "essentially clerical" errors, but not its "minor procedural errors," conflicts with the statute's stated purpose.

10

The *Rodriguez* court's understandable concern (in dicta) that the prosecutor's failure to appeal the dismissal was "inconsistent with the general treatment of appealable orders as final once the time for appeal has expired" is not controlling here. (*Rodriguez, supra*, 217 Cal.App.4th at p. 336.) The District Attorney does not dispute that the first dismissal was correct, and for good reason. California law has long made clear that "section 859b's 60-day rule is absolute and *requires* dismissal of a felony complaint against a nonconsenting defendant whose preliminary hearing is set or continued more than 60 days from arraignment." (*Ramos v. Superior Court* (2007) 146 Cal.App.4th 719, 730, italics added; *Mackey, supra*, 176 Cal.App.3d at p. 183 ["In clear, unambiguous language the final paragraph of section 859b . . . states that the complaint *shall* be dismissed" if the 60-day deadline is not met].) The trial court has no discretion to do anything but dismiss the case if the 60-day deadline has not been met, regardless of why it was not met. (*People v. Standish* (2006) 38 Cal.4th 858, 886; *Del Castillo v. Superior Court* (2019) 38 Cal.App.5th 1117, 1120 [noting there is no good-cause exception to the 60-day rule]; *Lacayo v. Superior Court* (2020) 56 Cal.App.5th 396 [the Attorney General conceded that the 60-day deadline could not be extended because of the COVID-19 pandemic and statewide emergency orders.) Any appeal of the trial court's dismissal for missing the 60-day deadline would have been fruitless, if not frivolous. The District Attorney should not be faulted for not taking what he acknowledges would have been a clearly meritless appeal. The fact that the District Attorney did not appeal the decision does not now preclude him from arguing that the first dismissal was caused by excusable

11

neglect because, as defendant puts it, his "failure to appeal the first dismissal is not inconsistent with [his] current position that excusable neglect was the sole cause of that dismissal."

More to the point, the fact that the first dismissal was compelled by section 859b does not mean that it did not result from excusable neglect. As the trial court recognized, the preliminary hearing was not timely held by the April 3, 2020 deadline because "everybody was trying to figure out what the hell to do," as the COVID-19 pandemic shut down the superior courts, "and I think we got it wrong." The court also acknowledged that the preliminary hearing was not timely held because the court sua sponte continued defendant's case on the last day for a preliminary hearing "without explicitly securing [a] time waiver[]," which may have happened because "people . . . just forgot about those folks."

This case thus involves an error like in *Mackey*. Like the magistrate in *Mackey*, the trial court here scheduled the preliminary hearing past the 60-day deadline. But the *Mackey* magistrate did so simply because he and the prosecutor incorrectly thought the deadline did not apply. Here, however, the trial court was just weeks into the COVID-19 pandemic, when courts throughout the state were grappling with how to proceed within the constraints of the pandemic and the associated statewide emergency orders. (See *Lacayo v. Superior Court*, *supra*, 56 Cal.App.5th at p. 399; *People v. Superior Court (Tapia)*, *supra*, 93 Cal.App.5th at p. 398.) If the Legislature thought the prosecutor and magistrate's misunderstanding that the 60-day deadline did not apply was excusable

12

neglect, then surely the Legislature would find the trial court's error in letting defendant's case slip "through the cracks" in the midst of the uncertainty caused by the onset of the COVID-19 pandemic was excusable.

We therefore conclude that the trial court's failure to timely hold a preliminary hearing by section 859b's 60-day deadline was due solely to the excusable neglect of the trial court trying to navigate the chaos during the early days of the COVID-19 pandemic. As a result, the first dismissal was due solely to the trial court's excusable neglect, so the third filing of violent felony charges against defendant was authorized by section 1387.1. We therefore reverse the trial court's order dismissing the charges.

IV.

DISPOSITION

The trial court's order dismissing the charges against defendant in Case No. BAF2200472 is reversed.  We remand for further proceedings consistent with this opinion.

CERTIFIED FOR PUBLICATION


                                                            CODRINGTON_____
                                                                                    J.
We concur:


McKINSTER_____
                Acting P. J.


MILLER_____
                J.

13